608

Arcuri, Appellant, *v.* Weiss.

SUPPLEMENTAL OPINION BY WATKINS, J., September 13, 1962:

An opinion and order in this case was handed down on June 13, 1962. The order read as follows: "Judgment reversed and judgment n.o.v. entered for appellant." A petition to the Supreme Court for allocatur on behalf of the appellee was denied. A petition by Joseph Arcuri, appellant, was filed on June 18, 1962, entitled "Appellant's Petition for Clarification in the

Matter of Interest". It was brought under Rule 64 of this Court which provides for "Petitions for further costs and damages" and was brought within the required ten-day period. No answer to this petition was filed by the appellee. The petition prayed for an amendment of our order to include interest from June 1, 1958 to June 13, 1962.

The law seems clear that the appellate courts have authority to mold a verdict by adding interest. *Samuels v. California Ins. Co.,* 192 Pa. Superior Ct. 484, 490. "When interest is not expressly provided for, or when no date for payment of the principal obligation is set, it is not easy to decide precisely when interest shall begin to run. Basically it is never demandable unless money be unlawfully withheld . . . . Then it is due and interest runs from the date of withholding." *Peyton v. Margiotti,* 398 Pa. 86, 94, 156 A. 865 (1959). And this case also held that the court may mold a verdict by increasing the amount of it by adding interest which is owing.

"Interest 'is completely due, wherever a liquidated sum of money is unjustly withheld. It is a legal and uniform rate of damages allowed, in the absence of any express contract, when payment is withheld, after it has become the duty of the debtor to discharge the debt'." *Nagle Eng. & Boiler Wks. v. Erie,* supra, at page 165.

Paragraph 4 of the complaint in this case sets forth:

"4. The plaintiff then demanded from the defendant the amount of Five hundred dollars ($500.00) which the plaintiff entrusted to the defendant pending the decision to enter into an agreement. The defendant has refused and refuses to turn over the money.

"WHEREFORE, Plaintiff demands judgment against defendant in the amount of Five Hundred Dollars ($500.00), plus interest from May 1, 1958." The de-

610

fendant's answer to this allegation reads as follows: "4. Demand admitted, liability denied, for the reasons herein set forth."

Although this admission seems to fix May 1, 1958 as the date when the demand was made, the record itself indicates that it may have been a later date and the appellant in his petition asks interest from June 1, 1958. The testimony is definite that a demand was made sometime between April and August of 1958, but the actual date of the demand is indefinite. The service of summons in assumpsit was made July 17, 1958 and although the complaint was not filed until August 6, 1958, there is no doubt that the appellee was on notice of the demand for the return of the Five Hundred ($500) Dollars as of the time of the service of the summons.

AND NOW, September 13, 1962, the order made by this Court in its opinion filed June 13, 1962, is amended to read as follows: Judgment reversed and judgment n.o.v. entered for the appellant with interest from July 17, 1958.