167 N.J. Super. 449 (1979)
400 A.2d 1237
TRILCO TERMINAL, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
PREBILT CORPORATION, A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 23, 1979.
*450 Mr. Steven Warm for plaintiff (Messrs. Warm and Kingsbury, attorneys).
Mr. Richard L. Freedman for defendant.
HAINES, J.S.C.
This is a breach of contract action between merchants. See N.J.S.A. 12A:2-104(1). Plaintiff claims that it entered into four oral agreements with defendant, each for the purchase and sale of goods at a price exceeding $500. Since it is alleged that not all the ordered merchandise was delivered pursuant to any one of these contracts, plaintiff seeks to recover damages for loss of business, loss of good will and injury to reputation.
The oral agreements were followed by written purchase orders. The orders are not identical. In addition to listing *451 different kinds and quantities of goods, the first three orders contain the same printed and typewritten terms while the fourth omits the typewritten terms. On the face of all four orders appears the typewritten word "CONFIRMATION" as well as the printed language "THIS ORDER NOT VALID WITHOUT RETURN ACKNOWLEDGEMENT." The only signature appearing on the orders is that of plaintiff.
Defendant has moved for summary judgment on the ground that the oral agreements are not enforceable because no writing satisfies the requirements of N.J.S.A. 12A:2-201 (1). Plaintiff does not controvert this contention, but claims that its purchase orders constituted written confirmations of the oral agreements which, under subsection 21 serve to satisfy the statute of frauds. The cause is ripe for summary judgment, for the facts with respect to this issue are not in dispute. Judson v. Peoples Bank & Trust Company of Westfield, 17 N.J. 67 (1954).
Unless appeased, the statute of frauds precludes judicial enforcement of a contract. In general, only the existence of a writing signed by the party to be obligated, which specifies a quantity and indicates "that a contract of sale has been made between the parties," surmounts the barrier to enforceability erected by the statute. See N.J.S.A. 12A:2-201(1). When the transaction is one between merchants, however, a limited exception from this general rule is carved out by N.J.S.A. 12A:2-201(2). The significance of this exception lies in the fact that it allows a writing not signed by the party against whom enforcement is sought to satisfy the statute. For this result to obtain "a writing in confirmation of the contract" and "sufficient against the sender" must have been sent within a reasonable time, and the recipient having reason to know of its contents must nevertheless not have sent written notice of objection to its contents within 10 days after receipt.
This exception is the drafters' response to problems arising under the analogous provision of the Uniform Sales Act N.J.S.A. 46:30-10(1) (repealed), which could only *452 be satisfied by "[a] note or memorandum in writing of the contract or sale * * * signed by the party to be charged or his agent in that behalf." Under the Sales Act an unscrupulous merchant could take advantage of the common mercantile practice of sending a written memorandum confirming the terms of an agreement. The receiver of such a memorandum could enforce the contract against the sender who signed it, while the latter had no recourse against him. Consequently, the receiver could play the market, honoring the contract or not, as it suited his economic advantage. See N.J. Study Comment ¶ 5, N.J.S.A. 12A:2-201; White and Summers, Uniform Commercial Code, c. 2 at 47-48 (1972).
The parties do not dispute that defendant received the purported confirmations within a reasonable time, had reason to know of their contents and lodged no objections to them. They do differ over whether the purchase orders are written confirmations of the contract, sufficient against the sender.
A writing is sufficient against the sender when it fulfills the requirements laid down in N.J.S.A. 12A:2-201(1). See White and Summers, op. cit. at 48. These are: a writing signed by the dispatching merchant, which states a quantity and is "sufficient to indicate that a contract for sale has been made between the parties". The New Jersey Study Comment views the latter requirement as satisfied when a writing "reasonably proves the existence of a contract obliging the defendant to buy or sell goods." N.J. Study Comment ¶ 3, N.J.S.A. 12A:2-201. The only case in this jurisdiction discussing the point, Cohn v. Fisher, 118 N.J. Super. 286, 292-295 (Law Div. 1972), involved an endorsement on a check which clearly met the above stated test. It relied, however, on the more ambiguous and possibly more relaxed language of the Uniform Commercial Code Comment to N.J.S.A. 12A:2-201(1): "All that is required is that the writing afford a basis for believing that the offered oral evidence rest on a real transaction."
To date what little case law there is has not ascribed independent significance to the "in confirmation of the *453 contract" language of subsection 2. Rather, the cases equate its meaning with that of the "sufficient to indicate that a contract for sale has been made between the parties" language of subsection 1. For example, in Harry Rubin & Sons, Inc. v. Consolidated Pipe Co., 396 Pa. 506, 153 A.2d 472 (Sup. Ct. 1959), plaintiff alleged that defendant had breached three separate oral agreements for the sale of goods in excess of $500. The trial court had found that two of these agreements were unenforceable because no writing satisfied the statute of frauds. Plaintiff, relying upon defendant's failure to respond to the writings it had sent, challenged this determination. The first of these writings was a purchase order signed by plaintiff, which set forth the quantity, description and price of the goods. The second writing was a letter from plaintiff to defendant ordering "as per our phone conversation today" an additional quantity of the same goods. The letter concluded: "It is our understanding that [the second order] will be produced upon completion of the present order for $30,000 hoops." Id. 153 A.2d at 474, n. 4.
Focusing on this sentence, the court found that the letter was a confirmation of the alleged oral contracts which, in conjunction with defendant's failure to respond, satisfied sub-section 2. In response to defendant's argument that the letter could not be in confirmation of either contract because it used the word "order," the court stated: "The word `order' as employed in this letter obviously contemplated a binding agreement, at least, on the part of the sender, and, in all reason, should have been interpreted in that manner by the recipient." Id. 153 A.2d at 475. Quoting from Uniform Commercial Code Comment 1 to § 2-201 the court concluded that any memoranda affording "a basis for believing that the offered oral evidence rests on a real transaction" id. 153 A.2d at 476, would satisfy the writing requirement of subsection 2, echoing Cohn v. Fisher, supra. Accord, Azevedo v. Minister, 86 Nev. 576, 471 P.2d 661 (Sup. Ct. 1970). The Comment discusses the meaning of subsection 1 of § 2-201 and makes clear that the standard adopted by *454 the court is simply an alternative formulation of that sub-section's direction that a writing must be "sufficient to indicate that a contract for sale has been made between the parties"
According to my reading of the written confirmation proviso, it is satisfied only when a writing refers to the prior agreement in language that should make it clear to the recipient that such an agreement is relied upon. This is not to say that the confirmation must "expressly state that it is sent in confirmation of [a] prior transaction," but rather that it must at least "indicate that a binding or completed transaction has been made." 1 Anderson, Uniform Commercial Code (2 ed. 1970), § 2.201:51. In other words, if an ordinary merchant could not surmise from a writing that its sender was asserting the existence of a contractual relationship between the parties, the writing is not "in confirmation of the contract."
Asserting this independent requirement under subsection 2 makes certain that the recipient of the writing is or should be aware that an agreement is being confirmed. By so doing, the recipient is afforded a meaningful opportunity to exercise the right of objection expressly provided in the statute. At the same time, the requirement confines the subsection to its intended area of operation; its object is to deny the statute of frauds defense only to those merchants who "unreasonably [fail] to reply to a letter of confirmation." N.J. Study Comment ¶ 5 (quoting Hawkland, Sales and Bulk Sales Under the Uniform Commercial Code, 28-29 (1958)), N.J.S.A. 12A:2-201.
This analysis differs from that employed by the Rubin court in that it does not assume that subsection 2's requirement of a writing in confirmation of a contract is interchangeable with the requirement common to both subsections of "a writing sufficient to indicate that a contract for sale has been made between the parties." It has been pointed out that a more stringent writing requirement under subsection 2 can be justified by the statutory language and the fact *455 that its effect is to bind a merchant to a writing that he did not sign. See Dusenberg and King, 3 Bender's Uniform Commercial Code Service, § 2.04[2] (1978). In addition, this approach recognizes that since subsection 1 will be applied frequently in situations not involving subsection 2, its writing requirement will be developed in large part without regard to the peculiar role that a writing must play under this latter subsection.
Whether more is required of a writing under subsection 2 than under subsection 1 is not yet clear. As previously mentioned, only one case has been reported in this jurisdiction discussing subsection 1's writing requirement, while no cases have been reported discussing subsection 2. In the context of the present case, it is not necessary to reach this perplexing issue because none of the writings advanced is, in any sense, a clear written confirmation of a prior oral agreement No writing refers to any previous agreement or indicates that a binding or completed transaction has been entered into between the parties. In sum, the purchase orders are ambiguous and confusing, if viewed as anything more than routine purchasing documents. Therefore, I conclude that these purchase orders are not writings in confirmation of a contract. The requirements of the statute of frauds not being satisfied, summary judgment must be entered in favor of defendant.