■ FRAN LEBOWITZ, Respondent, v SUSAN MINGUS, Appellant. — Order, Supreme Court, New York County (Blyn, J.), entered July 21, 1983, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint, modified, on the law, to declare in favor of defendant that plaintiff has no right to possession of, or to purchase shares in, the subject cooperative apartment, or to restitution for improvements, and otherwise affirmed, without costs. ¶ On June 1, 1979 plaintiff (as tenant) and defendant (as landlord) entered into a three-year lease of defendant's two-bedroom cooperative apartment located in Manhattan covering the period June 1, 1979 through May 31, 1982. ¶ A rider to the lease, negotiated by the parties while both were represented by counsel, provides in paragraph F that "[t]enant shall have the right to remove the wooden partition between the two bedrooms, store the same in the basement, and if requested by the Landlord at the expiration of lease will cause the building employees to restore such partition. In addition, Tenant is to have the washing machine fixed and can deduct the cost from the next month's rent." Paragraph G of the rider sets forth the procedure to be applied "[i]n the event Landlord shall desire to sell the apartment during the term of this lease". The rider provided in essence that the landlord and tenant were to negotiate as to a fair price for the purchase of the shares of stock and the proprietary lease by tenant, and that in the event they failed to agree, the landlord was to be free to negotiate the sale to a third party, subject to the tenant's right of first refusal to purchase the apartment at the same price and on the same terms and conditions "as said third party has offered." ¶ When the lease expired defendant refused to sell the apartment and demanded that plaintiff vacate the premises so that defendant's daughter and grandchildren could move in. Plaintiff commenced the instant action in Supreme Court seeking a declaration that she is entitled to purchase the coop shares for the apartment and specific performance of their sale at a fair market price, or alternatively to compel defendant to offer plaintiff a long-term lease, based primarily on allegations that defendant had orally agreed, contemporaneously with the signing of the lease, to sell plaintiff the apartment as soon as she was "emotionally ready", i.e., recovered from the recent death of her husband. Other causes of action seek reimbursement for improvements made to the apartment, restitution of all the rent paid during the lease agreement, and substantial damages for unjust enrichment, emotional distress, and interference with plaintiff's writing career. Defendant counterclaimed for damages

based on structural changes plaintiff made to the apartment without permission and contrary to the provisions of the lease. Defendant also commenced a holdover summary proceeding in Civil Court which was thereafter removed from Civil Court and consolidated with the Supreme Court action. ¶ Defendant moved for summary judgment for a declaration in her favor in respect to the right of possession to the apartment and dismissing the complaint on the basis of documentary evidence (the lease), and the Statute of Frauds (General Obligations Law, § 5-703, subd 2), which provides: "A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged". The statute is applicable to the shares of a cooperative apartment (*Meyer v Nelson,* 83 AD2d 422, 424). ¶ Plaintiff claims that her investment of $50,000 in renovations and improvements to the apartment, in reliance on the alleged oral agreement to sell, constitutes part performance of the oral agreement, thus permitting its enforcement. However, as Judge Cardozo stated in *Burns v McCormick* (233 NY 230, 232): "Not every act of part performance will move a court of equity, though legal remedies are inadequate, to enforce an oral agreement affecting rights in land. There must be performance 'unequivocally referable' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing. 'An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance' (*Woolley* v. *Stewart,* 222 N. Y. 347, 351). What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done." ¶ This principle has since been consistently reaffirmed and applied in New York (e.g., *Wilson v La Van,* 22 NY2d 131; *Geraci v Jenrette,* 41 NY2d 660; *American Bartenders School v 105 Madison Co.,* 59 NY2d 716). We conclude that plaintiff's alleged investment of $50,000 in renovating and improving the apartment was not "unequivocally referable" to an oral contract to sell the apartment or to the alternatively alleged oral agreement to permit plaintiff to remain in possession beyond the expiration of the lease for an indefinite period, and at an unspecified rent. Under the circumstances presented, plaintiff's expenditures may be satisfactorily explained by her desire to improve the surroundings in which she was to live and work for a period of several years. Moreover, the expenditures may also be attributable to plaintiff's belief, based upon the right of first refusal set forth in rider G, that it was likely that she would in fact be permitted at some point to purchase the apartment. ¶ Defendant is independently entitled to a declaration in her favor on the essential issues of possession and ownership because of an affirmative defense founded upon documentary evidence, the written lease. (See CPLR 3211, subd [a], par 1.) The lease has every appearance of being a complete, integrated document of a kind which under the parol evidence rule may not be varied, contradicted, or added to by any contemporaneous oral agreement. (See 22 NY Jur, Evidence, § 615; Richardson, Evidence [10th ed], §§ 601, 604; *Fogelson v Rackfay Constr. Co.,* 300 NY 334, 337-338.) The principle is of course well established that: "The parol evidence [rule] is more than a rule of evidence; it is, in truth, a rule of substantive law which defines the limits of the contract." (Richardson, *op. cit.,* § 601.) ¶ As the Court of Appeals observed in *Fogelson v Rackfay Constr. Co.* (*supra,* at p 340), in terms pertinent to the situation presented: "In truth, if the lease before us — complete on its face and drafted designedly and explicitly to prevent reliance upon any promise or agreement not included — could be varied and undermined by parol evidence, few written instruments would be

safe or secure." This principle is particularly applicable here where the very subject matter of the purported oral agreement was addressed explicitly and in detail in a rider to the lease prepared in the course of negotiations in which both parties were represented by counsel, a rider that is fundamentally inconsistent with the alleged oral promises. ¶ We, of course, note that in the amended complaint it is alleged in conclusory terms that defendant's oral promises were made without any intention at the time to fulfill them. Nothing in support of this general pleading language has been presented by plaintiff on this motion for summary judgment. Given the conclusory character of the fraud claim, the contradictory nature of the oral promises attributed to defendant, and the fundamental inconsistency of those promises with the explicit terms of a carefully developed lease provision addressed to the precise subject matter of the alleged promises, it would take more than the circumstance that defendant did not honor either of the alleged oral promises three years after they were made to establish a factual issue as to whether the promises, if made, were made with fraudulent intent. As the Court of Appeals observed in *Wills v Wills* (28 NY2d 645, 647): "the mere failure on the part of the appellant to carry out the supposed bargain could not give rise to an inference of fraud excusing the application of the statute." Concur — Kupferman, J. P., Sandler, Ross, Silverman and Milonas, JJ.