**NORMINJIL SPORTSWEAR CORP.,
d/b/a Sea Isle Sportswear, Plaintiff,**

v.

**T G & Y STORES CO., INC.,
Defendant.**

**No. 84 Civ. 0444 (MJL).**

United States District Court,
S.D. New York.

Jan. 21, 1985.

Hahn & Hessen, New York City, for plaintiff.

Seward & Kissel, New York City, for defendant.

## MEMORANDUM AND ORDER

LOWE, District Judge.

This is an action in contract for the sale of certain goods. The plaintiff Norminjil Sportswear Corp., d/b/a Sea Isle Sportswear ("Sea Isle") alleges that it entered into a contract for sale of several hundred thousand dollars of children's sportswear to the defendant. The defendant now moves for summary judgment on the grounds that the action is barred by the statute of frauds. For the reasons stated below we grant summary judgment to the defendant and dismiss the case.

### Facts

Sea Isle is the maker of sportswear called the "Easter Ad Linen Group." In its complaint Sea Isle alleges that an agent for the defendant T G & Y Stores Co., Inc. ("TGY"), entered into an oral contract for $208,500 worth of Easter Ad Linen Group clothing.[1] Complaint ¶ 6. It then alleges that it "delivered to defendant by mail its written confirmation of the Contract ..." Complaint ¶ 7.

TGY denies that it entered into the contract. In discovery TGY demanded production of any writing regarding the sale. The only writing produced was the "written confirmation" referred to in the complaint. It is undisputed that it was the only memorandum which embodied the terms of the "sale" in any way. It is also undisputed that the defendant did in fact receive the memorandum within ten days of the alleged order.

The memorandum which Sea Isle alleges is a written confirmation is as follows:

---

1. The complaint also states a claim for what is referred to as "additional merchandise." It was undisputed that there was no memorandum which in any way removed the additional merchandise from the operation of N.Y.U.C.C. § 2–201(1), however, plaintiff argued that the claim was cognizable under the specially manufactured goods exception to the statute of frauds. *See* N.Y.U.C.C. § 2–201(3)(a). In discovery it developed that the additional merchandise had been resold, thus it was not "specially manufactured" within the meaning of § 2–201(3)(a). Accordingly, plaintiff has abandoned its claim in regards to the additional merchandise. *See* defendant's reply brief at 1; Reilly Aff. ¶ 4.

*Pictures + Desc. Sent 8/18*

# SEA ISLE SPORTSWEAR

112 WEST 34th STREET NEW YORK 10120 / (212) 554-9244

Easter Ad Linen Group.

Delivery 2/15 - 2/25 - 54

Color - Lilac

| Style | 7/14 | Covered Quantity | Description |
|---|---|---|---|
| 7271 | 5.50 ea | 500 To 550 Dz | Solid Linen Flip Skirt - Wide Novelty Belt with Buckle. |
| 7273 | 8.75 ea | 500 To 550 Dz | Solid Linen Double Breasted Blazer - Notched Collar. |
| 7274 | 5.50 ea | 500 To 550 Dz | Solid Linen Button Coat Front Skirt - Side Stitched Down Pleats. |
| 7275 | 5.00 ea | 500 To 550 Dz | Short Sleeve Poly Cotton Stripe Clip Blouse Contrasting Large Print Bow - White Collar and Cuffs. |
| 7276 | 5.00 ea | 500 To 550 Dz | Short Sleeve Poly Cotton Blouse - Multi Color Novelty Clip Tattersol - Bow Blouse - Cuffs |
| 7278 | 5.00 ea | 500 To 550 Dz | Short Sleeve Poly Cotton Blouse, Multi Color Polka Dot - Ruffle Stand up Collar - Self Tie Bow - Elastic Cuffs. |

Att Alan

I ordered additional goods. If you decide to buy the group in 4/5x there would be no problem.

---

There are various disputes between the parties concerning whether and when TGY objected to the memorandum and as to the prior course of dealing between the parties.

However, since we find that the memorandum is deficient as a matter of law,[2] these disputed issues are not material within the meaning of Fed.R.Civ.P. 56.

2. When the statute of frauds is raised as a defense the documents involved must be judged on their face as a matter of law. Anderson,

Uniform Commercial Code, 3d Ed.1982 § 2-201:31.

## Discussion

The statute of frauds is intended to prevent fraud, not aid it. Courts will generally construe it liberally in the interest of substantial justice, however, it is well settled that the statute evidences an unmistakable legislative policy which the courts are not free to ignore. When a case falls within the ambit of the statute it acts as a bar to the action unless one of the defenses to the statute is present or its mechanical application would lead to a conclusion which is repugnant to common sense. *Radke v. Brenon,* 271 Minn. 35, 134 N.W.2d 887 (1965).

In the case at bar the parties agree that the applicable statute is § 2–201 of the Uniform Commercial Code. N.Y.U.C.C. § 2–201 (McKinney 1964). That section states in pertinent part:

(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received.

N.Y.U.C.C. § 2–201 (McKinney 1964).

Subsection one states the general rule that there must be a writing by the party to be charged. In the instant case no such writing exists, however, subsection two creates an exception to the general rule of subsection one. Under subsection two a merchants' confirmation can be sufficient against the defendant if the proper conditions are met.

When as here both parties to the alleged oral contract are merchants, the formal requirements of the statute of frauds are:

(1) that within a reasonable time, there be a writing in confirmation of the oral contract;

(2) that the writing be sufficient to bind the sender;

(3) that such a writing be received;

(4) that no [objection] thereto has been made [within 10 days] although the recipient has reason to know its contents.

*Doral Hosiery Corp. v. Sav-a-Stop, Inc.,* 377 F.Supp. 387, 389 (E.D.Pa.1974).

Plaintiff claims that its memorandum meets all of the requirements of § 2–201(2). Defendant asserts that as a matter of law the writing is insufficient because it does not include all of the terms, because it is not signed, and because it is not a confirmation, but rather a price quotation. In other words defendant claims that plaintiff's memorandum does not meet elements one or two.

Plaintiff cites several cases for the proposition that the writing need not be signed, however, with the exception of *B & R Textile Corp. v. Domino Textiles, Inc.,* 77 A.D.2d 539, 430 N.Y.S.2d 89 (1st Dept. 1980), plaintiff's cases are easily distinguished.[3] In *B & R Textile,* the Appellate Division accepted an invoice, on letterhead which contained the names and addresses of the buyer and the seller as being sufficient. The five paragraph memorandum decision does not state whether the invoice was signed, but even if we accept *B & R Textile* for the rule that the confirming memorandum need not be signed, plaintiff's memorandum must still fail.

Defendant argues that the memorandum does not have all the needed terms. More-

---

**3.** See Defendant's Reply Memorandum at 2–3.

over it argues that the memorandum is insufficient unless the memorandum clearly indicates that it is a confirmation of a contract already made. In support of this argument defendant relies heavily on the case of *Trilco Terminal v. Perbilt Corp.*, 167 N.J.Super. 449, 400 A.2d 1237 (Law Div.1979), *aff'd*, 174 N.J.Super. 24, 415 A.2d 356 (App.Div.1980). In *Trilco* the court held that "if an ordinary merchant could not surmise from a writing that its sender was asserting the existence of a contractual relationship between the parties, the writing is not 'in confirmation of the contract.' "[4]   400 A.2d at 1240.

Plaintiff argues against application of *Trilco* because it is a New Jersey case. While we are not bound by cases from other jurisdictions, section 2–201 of the Uniform Commercial Code is the same in both states, *compare* N.Y.U.C.C. § 2–201 *with* N.J.S.A. 12A:2–201, and there is no New York case law on point.[5] Under the circumstances we give substantial weight to *Trilco* as persuasive authority.

Plaintiff next attempts to distinguish *Trilco* because the writings in *Trilco* were "ambiguous and confusing" while the instant memorandum "clearly spells out all the material terms of the agreement reached between plaintiff and defendant." Plaintiff's memorandum of law in opposition at 8.

Plaintiff's distinction mischaracterizes the holding in *Trilco*. The writings in *Trilco* did not fail because they were "ambiguous and confusing" as to the terms of the alleged oral agreement, but rather because it was not clear from the writings that they were in fact confirmations of any oral agreement. We read *Trilco* for the proposition that a memorandum under subsection two must clearly be "in confirmation" of a previous oral contract, not simply an offer or a price quotation.[6]

The memorandum in the instant case is a perfect example of a writing which is not clearly in confirmation. For example the quantity term is given in a range (500–550 Dz.) and is referred to as "covered quantity" not "ordered quantity."

The question before us is whether a reasonable merchant, seeing the memorandum in question would understand it to be a confirmation of consummated oral agreement. The memorandum in the instant case,[7] is insufficient to meet the requirements of subsection two. A merchant could quite reasonably believe that the memorandum was nothing but a price quotation since there is nothing in the memorandum to indicate that it is a confirmation.

Accordingly, we hold that plaintiff's action is barred by the statute of frauds and that the merchant's exception is not applicable. The memorandum is not sufficient against the sender and it is not in confirmation of a settled oral contract. Therefore

---

**4.** Plaintiff argues that *B & R Textile* places the holding in *Trilco* in question, however *B & R Textile* is not inapposite to *Trilco*. In *B & R Textile* there was an invoice which clearly evidenced a consummated transaction. This distinguishes *Trilco*. In *Trilco*, as in the case at bar, it was unclear whether the memorandum was a confirmation at all.

**5.** Defendant cites *E.Y. Gilkey & Sons, Inc. v. A–E Archetectura; Materials, Inc.*, 86 A.D.2d 970, 448 N.Y.S.2d 290 (4th Dept.1982) as New York authority, but *Gilkey* is clearly not on point.

**6.** The case of *Doral Hosiery Corp. v. Sav-a-stop, Inc.*, 377 F.Supp. 387 (E.D.Pa.1974) also supports the holding in *Trilco*. The court in *Doral Hosiery* held:

To be a confirmation of a prior oral contract the writing needn't expressly state that it is sent in confirmation of the prior transaction, but it must state that a binding or completed transaction has in fact been made.
377 F.Supp. at 389 [footnote omitted] *See also*, *R.J. Bennett & Co., Inc. v. Economy Parmaical Industrial Inc.*, 606 F.2d 182 (7th Cir.1979).

**7.** Plaintiff alludes to the deposition testimony of Alan Holcomb, a former agent of defendant. In his deposition Holcomb indicated that he believed that a binding agreement for the Easter Ad Linen Group had been reached.

Defendant correctly points out, however, that Holcomb's statement is irrelevant. Because Holcomb is no longer an employee of Sea Isle, his statement cannot operate to remove the bar created by § 2–201. To accept oral testimony to prove a contract is of course contrary to the premise of the statute of frauds.

summary judgment is granted to the defendant and the case is dismissed.

It Is So Ordered.