■ BAZAK INTERNATIONAL CORP., Respondent, v MAST INDUS-TRIES, INC., Appellant

On April 22, 1987, in New York County, Mast Industries, Inc. (Mast) offered to sell certain knitted textiles (goods) to Bazak International Corp. (Bazak). During April 22nd and April 23rd, 1987, these two textile merchants negotiated the terms of an oral agreement, pursuant to which Bazak was to purchase the goods from Mast at a price of $103,330.

Approximately one week later, on or about April 30, 1987, purchaser Bazak sent seller Mast five purchase orders (orders), prepared by Bazak and bearing Bazak's signature. These orders allegedly confirmed in writing the terms of the oral agreement, mentioned *supra.* Our examination of those orders indicates, *inter alia,* they set forth a description, quantity, and price of the goods to be bought and sold.

Subsequently, when Mast did not deliver the subject goods, Bazak (plaintiff) commenced an action against Mast (defendant) to recover damages for breach of contract and fraud. In response, defendant moved, pursuant to CPLR 3211 (a) (1), (7), to dismiss the complaint for failure to state a cause of action, based upon a documentary evidence defense. Plaintiff opposed, and the IAS court denied the motion.

Based upon our review of the record, we find that the IAS court erred.

The issue herein is whether an oral agreement for the sale of goods, for a price of $500 or more, is enforceable, under the Statute of Frauds provisions of section 2-201 of the Uniform Commercial Code, as adopted by this State. The first two subdivisions of section 2-201 read, in pertinent part:

"§ 2-201. Formal Requirements; Statute of Frauds

"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not

enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

"(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received".

Plaintiff relies upon UCC 2-201 (2) to set forth a cause of action for breach of contract. In substance, although plaintiff does not allege that defendant, who is the party to be charged, signed the orders, or any other document in writing that evidences a contract, the plaintiff contends that the orders, which it prepared and signed, confirm the terms of the oral agreement, discussed *supra,* and, when defendant, after receiving the orders, did not object to them, within 10 days of receipt, it became bound by them.

We reject the plaintiff's contention that these orders are confirmatory documents *(see, for example, Gilkey & Sons v A-E Architectural Materials,* 86 AD2d 970 [1982]), since the orders, by their own language, limit themselves to simply being an offer to contract. Near the bottom of each order appears these words, in pertinent part: *"THIS IN [sic] ONLY AN OFFER AND NOT A CONTRACT UNLESS ACCEPTED IN WRITING BY THE SELLER"* (emphasis supplied). While seller Mast acknowledges receipt of the orders, it is undisputed that it did not sign them.

Accordingly, we grant defendant's motion to dismiss the first cause of action for breach of contract, upon the basis "of an affirmative defense founded upon documentary evidence [the orders, which state they are an offer]" *(Lebowitz v Mingus,* 100 AD2d 816, 817 [1st Dept 1984], *appeal dismissed* 63 NY2d 675 [1984]).

After comparing the allegations in the complaint's second cause of action for fraud with the allegations in the first cause of action for breach of contract, we find that, in substance, both claims are based upon the same allegations. In other words, the second cause of action for fraud "is but an attempt to allege the first cause of action [for breach of contract] in a

different form" *(Rogoff v San Juan Racing Assn.,* 77 AD2d 831, 832 [1st Dept 1980], *affd* 54 NY2d 883 [1981]). We held in *Tesoro Petroleum Corp. v Holborn Oil Co.* (108 AD2d 607 [1st Dept 1985]) that "[a] cause of action for fraud does not arise when the only fraud charged relates to a breach of contract".

In view of "the fundamental inconsistency of [the alleged oral promises attributed by plaintiff to defendant] with the explicit terms of [the written orders, prepared by plaintiff, which state unequivocally they are an offer] addressed to the precise subject matter of the alleged promises, it would take more than the circumstance that defendant did not honor * *. * the alleged oral promises * * * after they were made to establish a factual issue as to whether the promises, if made, were made with fraudulent intent" *(Lebowitz v Mingus, supra,* at 818). The Court of Appeals in *Wills v Wills* (28 NY2d 645, 647 [1971]) stated "the mere failure on the part of [defendant] to carry out the supposed bargain could not give rise to an inference of fraud excusing the application of the [S]tatute [of Frauds]".

Applying the legal authority set forth, *supra,* to both the allegations of the second cause of action for fraud and the contentions contained in plaintiff's papers in opposition to the defendant's motion to dismiss, we find that plaintiff has failed to set forth a cause of action for fraud, and we dismiss it.

Accordingly, in summary, we reverse, and grant the defendant's motion to dismiss the complaint. Concur—Murphy, P. J., Ross, Carro, Asch and Milonas, JJ.