Alexander, J.
(dissenting). In my view, the purchase orders at issue here, which describe themselves as offers and do not otherwise indicate the existence of a completed agreement are not "sufficient against the sender” (UCC 2-201 [2]) because they fail to "indicate that a contract for sale has been made between the parties” (UCC 2-201 [1]). Consequently they are not confirmatory memoranda sufficient to satisfy the Statute of Frauds and plaintiffs contract cause of action was properly dismissed. Furthermore, plaintiff has failed to plead facts *126 sufficiently independent of its contract claim to sustain its second cause of action for fraud. Thus, contrary to the view taken by the majority, I would affirm the order of the Appellate Division dismissing the complaint. Accordingly, I dissent.
I
As alleged by Bazak International Corp. (Bazak), on April 22 and 23, 1987, Ms. Karen Fedorko, marketing director of defendant Mast Industries, Inc. (Mast), met with Bazak’s corporate officer, Tuvia Feldman, and allegedly negotiated all the terms of an oral agreement, pursuant to which Bazak was to purchase certain knitted textiles from Mast at a price of $103,330.
Approximately one week later, on or about April 30, 1987, Bazak sent Mast five purchase orders prepared by Bazak and bearing Bazak’s signature. These orders recite the description, quantity and price terms of the goods and four of the orders are also inscribed "As prisented [sic] by Karen Fedorko”, presumably a reference to the meetings of April 22 and 23. None of the orders, however, refer to any "agreement”, "contract”, "sale”, "purchase” or anything else to indicate that an agreement had been reached by the parties on that date or thereafter. Indeed, near the bottom of each order, a disclaimer states: "this in [sic] only an offer and not a contract UNLESS ACCEPTED IN WRITING BY THE SELLER”. Further, the orders include two signature lines, one signed by Bazak, and the other, which is blank, labeled "customers acceptance”. It is undisputed that Mast received the orders but did not sign them or object to them within 10 days.
When Mast did not deliver the subject goods, Bazak commenced this action alleging breach of contract and fraud. Mast’s motion to dismiss the complaint (CPLR 3211 [a] [1], [7]), which asserted the Statute of Frauds defense (UCC 2-201), was denied by Supreme Court. The Appellate Division reversed, holding that the purchase orders, which were not signed by Mast, did not constitute confirmatory documents sufficient to take this alleged agreement between merchants out of the Statute of Frauds (see, UCC 2-201 [2]) since the orders, by their terms, were merely offers (140 AD2d 211, 212). The majority of this court now reverses and denies Mast’s motion to dismiss.
II
The majority concludes that the merchant’s exception of *127 UCC 2-201 (2) does not require that writings contain express confirmatory language (compare, Trilco Term, v Prebilt Corp., 167 NJ Super 449, 400 A2d 1237, 1239-1241, affd without opn 174 NJ Super 24, 415 A2d 356; Norminjil Sportswear Corp. v T G & Y Stores Co., 644 F Supp 1, 3-4 [SD NY]; see generally, 1 White & Summers, Uniform Commercial Code § 2-5, at 87-88 [3d ed-Practitioner’s]; Comment, The Merchant’s Exception to the Uniform Commercial Code’s Statute of Frauds, 32 Villa-nova L Rev 133, 173-180) and that writings satisfy both UCC 2-201 (1) and (2) when they are "sufficient to indicate that a contract for sale has been made between the parties” (UCC 2-201 [1]) and are therefore "sufficient against the sender” (UCC 2-201 [2]).[1] In my view, however, it is unnecessary to reach the question of whether UCC 2-201 (2) requires that writings "in confirmation of the contract” contain express confirmatory language because Bazak’s purchase orders do not satisfy UCC 2-201 (1). As the only proper inference to be drawn from the plain language of the purchase orders is that they are offers, the majority’s determination that they evidence a completed contract is nothing more than speculation. These purchase orders expressly state that they are offers, and even if this plain language can be disregarded, the remaining language of the orders is ambiguous at best. By holding that the requirements of UCC 2-201 are satisfied by these writings, the majority undermines the very protections the statute was intended to afford.
UCC 2-201 (1) bars actions to enforce alleged oral agreements for the sale of goods worth $500 or more unless the agreement is evidenced by a writing signed by the person against whom enforcement is sought. While UCC 2-201 was intended to eliminate some of the rigidity of the former *128 Statute of Frauds, subdivision (l)’s requirement that the writing be "sufficient to indicate that a contract for sale has been made between the parties” is the statute’s primary safeguard against fraudulent commercial practices (Howard Constr. Co. v Jeff-Cole Quarries, 669 SW2d 221 [Mo]). The merchant’s exception of UCC 2-201 (2) does not in any way diminish this safeguard, rather, it permits a writing to satisfy the statute even though it is not signed by the merchant against whom it is to be enforced.
The official comment explains that a writing sufficiently "indicate[s] that a contract for sale has been made” (UCC 2-201 [1]) when it "afford[s] a basis for believing that the offered oral evidence rests on a real transaction” (UCC 2-201, official comment 1). While the majority correctly articulates this standard, it misapplies this standard by holding that these writings, which are at best ambiguous, satisfy the statute.
Even a most liberal construction of UCC 2-201 (1) requires at least that the writing indicate that the existence of a contract is more probable than not (see, 1 White & Summers, op. cit., § 2-4, at 84-85; see also, Comment, The Merchant’s Exception to the Uniform Commercial Code’s Statute of Frauds, 32 Villanova L Rev 133, 173). This construction serves the statute’s purpose of preventing fraud without unduly burdening commercial transactions (Comment, The Merchant’s Exception to the Uniform Commercial Code’s Statute of Frauds, op. cit., at 137-138; Dorman & Co. v Noon Hour Food Prods., 501 F Supp 294, 296; Norminjil Sportswear Corp. v T G & Y Stores Co., 644 F Supp 1, 3, supra; see also, Cohon & Co. v Russell, 23 NY2d 569, 574) and comports with the operation of the merchant’s exception of UCC 2-201 (2). That subsection denies the Statute of Frauds defense to only those merchants who "unreasonably [fail] to reply to a letter of confirmation” (Hawkland, Sales and Bulk Sales Under the Uniform Commercial Code, at 28-29). Significantly, UCC 2-201 (2) binds the receiving merchant only when it "has reason to know of [the] contents” of the writing, indicating that the contents of the writing must at least put the receiving merchant on notice that the sender believes that a contract was made. Thus, to satisfy UCC 2-201 (1) and therefore be "sufficient against the sender” (UCC 2-201 [2]), the writing must at least allow for the reasonable inference that a contract was made and therefore that the writing rests on a real transaction (see, Howard Constr. Co. v Jeff-Cole Quarries, 669 SW2d 221, 227 [Mo], *129 supra; Rubin & Sons v Consolidated Pipe Co., 396 Pa 506, 153 A2d 472, 475-476).
Writings containing express language indicating a contract obviously satisfy UCC 2-201 (1) (see, e.g., Azevedo v Minister, 86 Nev 576, 471 P2d 661, 665 [" 'your purchase’ ”]; Apex Oil Co. v Vanguard Oil & Serv. Co., 760 F2d 417, 419 [both documents expressly " 'confirm(ed) our telephonic agreement of 12/29/81’ ” under which " '(seller) will sell’ ” and " '(buyer) will purchase’ ”]; Dura-Wood Treating Co. v Century Forest Indus., 675 F2d 745, 749 ["confirmation of conversation” regarding terms of purchase]; Perdue Farms v Motts, Inc., 459 F Supp 7 [documents titled "Confirmation of Purchase”]). It is well established, however, that writings which evidence only preliminary negotiations do not sufficiently indicate that a contract for sale has been made (Bennett & Co. v Economy Mechanical Indus., 606 F2d 182, 186; Oakley v Little, 49 NC App 650, 272 SE2d 370, 373; Arcuri v Weiss, 198 Pa Super 506, 184 A2d 24, 26; Howard Constr. Co. v Jeff-Cole Quarries, 669 SW2d, at 227-228, supra; see also, Azevedo v Minister, 471 P2d, at 665, supra; see generally, 1 White & Summers, op. cit., § 2-4, at 85). Thus a writing is insufficient if it contains express language indicating only an intention to enter a contract (see, e.g., Bennett & Co. v Economy Mechanical Indus., 606 F2d, at 185, supra [" 'we also offer for your consideration’ ”]; Arcuri v Weiss, 184 A2d, at 25, supra [" 'tentative deposit on tentative purchase’ ”]; Wickersham Eng’g & Constr. v Arbutus Steel Co., 1 UCC Reporting Serv 49, 50 [" '(i)t is our intention to award you a contract’ ”]). Such express language plainly negates any inference that a contract was made.
Moreover, ambiguous writings do not satisfy the statute. In Howard Constr. Co. v Jeff-Cole Quarries (669 SW2d, at 227-228, supra), for example, the court found insufficient a signed proposal which listed only specific quantities and prices because the proposal did not reasonably allow for the inference that a contract for sale had been made.[2] By contrast, in M. K. Metals v Container Recovery Corp. (645 F2d 583, 591), a *130 purchaser’s purchase order listing quantities and prices without any express language of agreement was sufficient to indicate that a contract had been made. The court in that case reasoned that because the writing also specifically listed terms "geared toward the satisfaction of the seller” the writing "reflected] prior dealings” (id.). Thus the terms of the writing itself supported the reasonable inference that a contract had been made.
Here, the majority’s conclusion that there is sufficient evidence that Bazak’s purchase orders evidence a completed contract is refuted by the writings themselves. As indicated earlier, the writings are at best ambiguous, allowing for equally probable inferences that the parties either engaged only in negotiations or entered a contract. They do not demonstrate that the existence of a contract is more probable than not (1 White & Summers, op. cit, § 2-4, at 84-85) and therefore cannot satisfy the statute. Indeed, in view of this manifest ambiguity, a finding that these purchase orders "indicate that a contract for sale has been made” would require resort to the extraneous evidence of the practices and intentions of the parties offered by Bazak. Consideration of such evidence outside the terms of the documents themselves, however, is clearly precluded by the Statute of Frauds (UCC 2-201).
The purchase orders, by their own terms, are only offers. Each form states "this in [sic] only an offer and not a CONTRACT UNLESS ACCEPTED IN WRITING BY THE SELLER”. The plain import of this language, in this action where defendant was a seller, was that defendant would not be bound unless it signed the form. The majority attempts to avoid the import of this plain language, urging that it should be disregarded because this printed statement is on a form plaintiff usually used when acting as a seller and thus is meaningless in this alleged transaction where plaintiff was acting as a buyer (majority opn, at 123-124). Significantly, plaintiff, who prepared the documents, never indicated on any of the forms that this disclaimer should be disregarded and, fully aware of the existence of the disclaimer, signed each form on the line provided beneath it. Moreover, the fact that plaintiff usually used these forms in its capacity as a seller is not properly considered in evaluating the sufficiency of the documents on their face (Scheck v Francis, 26 NY2d 466, 472).
Even if the "offer” language properly could be disregarded, the purchase orders nevertheless are ambiguous and therefore *131 insufficient to "indicate that a contract for sale has been made” (UCC 2-201 [1]). Four of the purchase orders merely list quantities of goods and prices, with the additional notation "as prisented [sic] by Karen Fedorko”. This reference to a presentation by defendant’s employee is simply that — there is no indication that an agreement was reached at that presentation. Additionally, the list of goods and prices, as well as the totals contained in the fifth purchase order similarly provide no basis for inferring that a contract was made before the orders were drafted. They do not list delivery terms or other special requirements of the seller which might indicate that an agreement had been reached (cf., M. K. Metals v Container Recovery Corp., 645 F2d 583, supra). The fact that the purchase orders were transmitted from defendant’s home office, while possibly unusual, sheds no light on whether the parties had reached an agreement. Thus, nothing in the purchase orders reasonably leads to the conclusion that the existence of a completed contract is more probable than not.
Finally, the majority’s holding that these purchase orders satisfy UCC 2-201 (1) and (2) substantially weakens the statute’s protection against fraud. To assert the Statute of Frauds defense, merchants will be required to promptly respond to writings which provide no notice that the sender believes that they have a contract and which may in fact indicate to the contrary: that the sender has submitted an offer. Such a rule unfairly burdens the receiving merchants and effectively negates the very purpose and intent of UCC 2-201 (2): to put both the sending merchant and the receiving merchant on equal footing.
Ill
Plaintiff also contends that it has sufficiently pleaded a cause of action for fraud. The majority agrees, reasoning that plaintiff suffered damages because defendant’s promises to send invoices induced it to undertake an obligation to a third party (majority opn, at 125). Although damages resulting from a defendant’s conduct are indeed elements of fraud, plaintiff has failed to sufficiently plead the requisite scienter (see, Channel Master Corp. v Aluminium Ltd. Sales, 4 NY2d 403, 406-407). The complaint baldly asserts that defendant deliberately or recklessly gave false assurances that it would send invoices reflecting their alleged agreement but contains absolutely no facts indicating that defendant’s employee, Ms. *132 Fedorko, knew or should have known that the assurances she gave were false. Thus, even viewed in the most liberal light, the pleading is not sufficiently specific to assert a fraud claim (CPLR 3016). Rather, as the Appellate Division concluded, this second count simply recasts plaintiffs contract claim and should also be dismissed (Wills v Wills, 28 NY2d 645, 647).
Therefore, I would affirm the order of the Appellate Division in all respects.
Chief Judge Wachtler and Judges Titone and Bellacosa concur with Judge Kaye; Judge Alexander dissents and votes to affirm in a separate opinion in which Judges Simons and Hancock, Jr., concur.
Order reversed, etc.

. UCC 2-201 (1) and (2) provide:
"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.
"(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know of its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received.”

. Although one court has held that a mere price list satisfies UCC 2-201 (1) (Southwest Eng’g Co. v Martin Tractor Co., 205 Kan 684, 473 P2d 18), that decision has been criticized as substantially weakening the protections of the Statute of Frauds by determining that the statute is satisfied by evidence of mere negotiations (see, Recent Cases, Uniform Commercial Code, 84 Harv L Rev 1737,1738-1739; Howard Constr. Co. v Jeff-Cole Quarries, 669 SW2d 221, 228 [Mo]).