James J. Lseff, J.
The intervening plaintiff, Dorothy K. Davis, and the defendants, Rubin and Fleishaker, move for judgment in their favor against the plaintiff, Doris Lane Frank, at the end of the plaintiff’s case.
The plaintiff, Doris Lane Frank, brought this action for specific performance of an oral agreement for the purchase of a co-operative apartment owned by the defendant Rubin. Rubin had also entered into a written contract with the intervening plaintiff Davis.
The transaction between Frank and Rubin, an alleged oral agreement, was claimed to have been embodied in a form of contract which, although signed by the plaintiff Frank, was not signed by the defendant Rubin, or anyone acting on her behalf.
The contract is on a printed form in which, after provision for the sale of 730 shares of capital stock of 62nd Street Bast, Inc., the owning corporation, a subdivision B refers to the purchase of the proprietary lease as between the corporation as lessor and, presumably, a named lessee covering apartment 11D in the building at 175 Bast 62nd Street.
The contract further provides for delivery of the stock and the proprietary lease by the seller, and obligates the purchaser to deliver to the seller and to the corporation an agreement signed by the purchaser accepting the assignment of the proprietary lease, and to assume and comply with the covenants *797 and conditions of the proprietary lease on or after the effective date of the agreement. The purchaser further agrees that if the corporation so requests, the purchaser will surrender the assigned lease and in place thereof will enter into a new proprietary lease with the corporation in the same form, covering the same apartment as the proprietary lease so assigned and surrendered.
The lease and the occupancy of the apartment were the essence of the transaction intended to be entered into between the parties. The lease and occupancy were inextricably related to the sale of the stock, and neither portion of the transaction can stand alone as a separately enforceable agreement.
Section 5-703 (subd. 2) of the General Obligations Law provides that: “ A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed to by the party to be charged, or by his lawful agent authorized by writing.”
The provision of the same section (subd. 4) allowing for specific performance in those cases where there is no writing reads: “Nothing contained in this section abridges the powers of courts of equity to compel the specific performance of agreements in cases of part performance.” The part performance contemplated under subdivision 4 is such part performance as renders it impossible to place the parties in the position they were in before the transaction was entered into and before the claimed part performance took place.
In the instant case, the parties are now in precisely the same position they were in before the claimed transaction was entered into.
Consequently, on the proof in this case, the moving party is entitled to judgment. The motion is granted.