Herbert A. Posner, J.
This is an action for damages arising from the breach of an oral contract for the purchase of shares of stock in a co-operative housing corporation, South-ridge Co-operative No. 3 Corporation, and the right which *412 such stock gave to a proprietary lease for the occupancy of an apartment (2-L) in the premises owned by the corporation, 33-24 91st St., Jackons Heights.
The parties agreed to limit the trial to one factual issue— "Did the Southridge Cooperative Screening Committee approve or disapprove the defendants’ application for the apartment?” In addition, it was agreed that there was only one legal issue — "Does the transaction come within the purview of Article 5-703 of the General Obligations Law, known colloquially as The Statute of Frauds?”
The factual issue centered around a meeting on the night of August 8, 1973 at the offices of the co-operative between the defendants and three members of the co-op’s board who interviewed the defendants for the purpose of approving or disapproving their application. Plaintiffs, who were not present at this meeting testified that they learned that same night from the wife of Mr. DaGiau that the defendants were approved by the screening committee. The plaintiffs only witness, Mr. DaGiau, could not remember whether he was one of the three men at the August 8, 1973 meeting, nor could he remember the defendants and their application. He based his testimony on "assumptions.” The defendants both contradicted the plaintiffs’ contention by testifying that the board notified them on August 8 they "did not have enough income to be eligible.” The plaintiffs attacked the veracity of the defendants on this question of Mr. Williams’ actual earnings. Plaintiffs’ Exhibit No. 1 was the application filed by the defendants, and it showed Mr. Williams’ earnings to be $12,000 per annum. Mr. and Mrs. Williams both testified that Mr. Williams only earned $9,000 and that Mr. Sebel, the plaintiff, advised him to put $12,000 on the application. However, at the interview on August 8, Mr. Williams said that he told the board members the truth, and on that basis they informed him he didn’t earn enough money to qualify for the apartment. Mr. Sebel denied giving Mr. Williams any such "advice” and claimed that a check with Mr. Williams’ employer showed Mr. Williams to be earning. $12,000 per annum. At the trial, the defendants introduced a W-2 slip from Mr. Williams’ employer for 1973, showing earnings of only $9,200. The plaintiffs objected that the application filed by Mr. Williams was based upon his 1972 earnings. The court asked the defendants to submit a copy of their 1972 income tax return and W-2. Shortly after the trial was concluded, defendants’ attorney personally brought to *413 court a copy of defendants’ 1972 income tax return with W-2 attached. Mr. Williams’ earnings for 1972 were $9,200.
On the question of law, plaintiffs’ attorney claimed that the Statute of Frauds does not apply to the sale of co-op stock. To support his position, he cited a 1975 United States Supreme Court case, United Housing Foundation v Foreman (421 US 837), a 1976 United States Court of Appeals case, Grenader v Spitz (537 F2d 612), an Appellate Division case, Silverman v Alcoa Plaza Assoc. (37 AD2d 166) and a New York Supreme Court case, Matter of State Tax Comm. v Shor (84 Misc 2d 161) — in which they all state very clearly that the stock in a co-operative housing corporation is personal property, the proprietary lease that accompanies it is personal property, and that "It does not appear that the pairing of the two together does anything to create a new classification of real estate.” Plaintiff claims that the "applicable law as stated by the Supreme Court of the U.S. and the courts of this jurisdiction unanimously supports the position * * * that the agreement for the sale of the stock in the co-operative housing corporation and the right of occupancy by the plaintiffs to the defendants was not the sale of an interest in real estate and, therefore, not subject to the provisions of the Statute of Frauds.”
The defendants contend that none of the cases cited above deal with the Statute of Frauds issue. To support their contention that the Statute of Frauds (General Obligations Law, § 5-703) does apply, even though the stock and the proprietary lease are personal property, they draw an analogy with mortgages, which are personal property and yet have been consistently held to come within the Statute of Frauds (Sleeth v Sampson, 237 NY 69; Matter of Oneida Park v First Nat. Credit Corp., 36 Misc 2d 1085).
Plaintiffs’ attorney is correct in two of the three conclusions he reached. He is correct in stating that the stock and the lease are personal property; and he is correct in stating that "the agreement for the sale of the stock in the cooperative housing corporation and the right of occupancy by the plaintiffs to the defendants was not the sale of an interest in real estate.” However, he is incorrect in his third conclusion that the transaction is "therefore, not subject to the provisions of the Statute of Frauds.”
Many attorneys make the mistake of thinking that the General Obligations Law (§ 5-703) applies only to the sale of *414 real property. However, a careful examination of the statute bears out the fact that while it concerns itself with real property, some of the items covered by it are really chattels real or personal property. The statute’s caption is "Conveyances and contracts concerning real property required to be in writing” (General Obligations Law, § 5-703). Subdivision 2 states: "A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein [emphasis added], is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing,' subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing.” While it is agreed that this transaction does not involve a sale of real property, what is meant by the words "an interest therein”? Subdivision 2 of section 5-101 of the General Obligations Law states: "As used in sections 5-703 * * * the terms * * * and 'interest in real property’ include every such estate and interest, freehold or chattel”. (Emphasis added.) Since a chattel is personal property, it is obvious that the Statute of Frauds covers more than merely transactions involving real property itself. The court in Matter of State Tax Comm. v Shor (84 Misc 2d 161, supra) clarifies this point quite well by observing that a lease for years is called a "chattel real” (General Construction Law, § 40; Real Property Law, former § 33). It is not, however, real property, but is personal property. (State Trust Co. v Casino Co., 5 App Div 381; Matter of Ehrsam, 37 App Div 272; Despard v Churchill, 53 NY 192.)
Once it is established that section 5-703 of the General Obligations Law applies to transactions that are actually personal property, as well as real property items, then it is clear that the Statute of Frauds does apply to this transaction. The court could find only one case that dealt with this issue, Frank v Rubin (59 Misc 2d 796). The court held that the Statute of Frauds did apply because the underlying purpose for the purchase of the co-operative stock was to obtain the lease and the lease was for a term of more than one year.
Judgment for the defendants on both the law and the facts, with costs and disbursements.