■ BARBARA POLLARD et al., as Executors of IRVING M. POLLARD, Deceased, Appellants, v JULIETTE M. MEYER, Also Known as JEAN MEYER, Respondent.—Order, Supreme Court, New York County, entered March 3, 1977, denying appellant's motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, and the motion for summary judgment granted to the extent that the plaintiffs shall have judgment on their cause of action for ejectment. The cause of action for damages is severed and remanded for appropriate proceedings not inconsistent herewith. The coexecutors under the last will and testament of Irving Pollard, deceased, bring this action in ejectment to recover possession of a co-operative apartment occupied by defendant. In mid-1975, defendant gave up her home in Hartsdale, leaving behind her children, grandchildren, and friends, to move in with deceased. In consideration of moving in with and taking care of deceased, defendant contends that he made certain oral promises and representations: that she would be considered his wife and that one third of deceased's net worth would be paid over and delivered to her; that the co-operative apartment they were to share would be conveyed to her together with furniture and furnishings along with an immediate payment of $25,000, in cash; that she would become the beneficiary of two

existing life insurance policies; that a Cadillac automobile registered in deceased's name would be delivered to her; and that additional sums aggregating $250,000 would be paid to her. Defendant claims that in furtherance of this agreement deceased gave her a "deed" to the apartment, stating that she was now the "owner". Defendant further contends that she met with deceased and his attorney in November, 1975 with a view towards the implementation of this agreement. An unsigned memorandum was prepared at the time by the attorney as to the parties' understanding of the agreement and defendant returned the "deed" to the deceased so that his attorney would make the necessary arrangements. Some five months later, on April 9, 1976, deceased died testate. In his safe-deposit box were found the proprietary lease to the apartment and a stock certificate for the shares of stock in the co-operative, both still in deceased's name. Whether the promises attributed to deceased are viewed as covenants of an integrated antenuptial agreement or separate agreements, they are void in the absence of a sufficient written memorandum, signed by the party to be charged (General Obligations Law, §§ 5-701, 5-703). Neither the November, 1975 memorandum nor the other documentary evidence submitted by defendant meets the statutory requirement of a writing. None bears the signature of deceased or any lawful agent. Equally fatal is the failure of these documents, whether taken individually or collectively, to set forth any material terms of an agreement to convey to defendant deceased's interest in the subject apartment. Mindful that summary judgment is a drastic remedy which should be withheld whenever there is any doubt as to the existence of a triable or arguable issue of fact (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395), we must grant it in these circumstances where there is no competent writing to support defendant's claim. Only full performance by both parties, and no such claim is or can be made here, is sufficient to avoid the Statute of Frauds (Tyler v Windels, 186 App Div 698, affd 227 NY 589; Deutsch v Textile Waste Merchandising Co., 212 App Div 681; Burns v McCormick, 233 NY 230; Wahl v Barnum, 116 NY 87). Even if the doctrine of part performance were available (see Burnside & Co. v Havener Securities, 25 AD2d 373; but see 3 Williston, Contracts [3d ed], § 533), defendant's performance was not "unequivocally referable" to the promises she attributes to deceased so as to invoke the exception to the requirement of a writing. Concur—Kupferman, J. P., Silverman, Lane and Sullivan, JJ.