LAURIE ROSNER, Appellant-Respondent, v 80 CPW APARTMENTS CORP. et al., Respondents-Appellants.

First Department, February 19, 1980

### APPEARANCES OF COUNSEL

*Richard N. Runes* of counsel *(Lawrence F. Di Giovanna* with him on the briefs; *Straniere, Fagin, McKenna, Runes & Nachison,* attorneys), for appellant-respondent.

*Carl L. Zanger, P. C.,* for respondents-appellants.

## OPINION OF THE COURT

KUPFERMAN, J.

Plaintiff has resided in a studio apartment, No. 22H, at 80 Central Park West in New York City since 1976. As such tenant, she was included as an offeree for said apartment pursuant to a plan presented in August, 1978 for co-operative organization of the building by the sponsor, one of the defendants, London 68 Company. At the time, the premises were owned by 80 CPW Company, and the selling agent was Sulzberger-Rolfe, Inc. Upon the effectiveness of the plan, the co-operative corporation comprised of tenant-shareholders, is defendant 80 CWP Apartments Corp. All are defendants herein.

Plaintiff, desiring a one-bedroom apartment and believing that apartment 22D would be available, delivered a signed subscription agreement in accordance with the co-operative plan, and a check for the sum of $2,996.76 for said apartment 22D in September, 1978, claiming the 10% discount available to tenants purchasing their own apartment within 90 days. More than six months later, at the end of March, 1979, her check and the subscription agreement, unsigned by the sponsor, were returned to her.

Defendants contend that plaintiff actually sought to buy both the apartment occupied by her, 22H, and the other apartment, 22D. Plaintiff denies this. In any event, when the offer to buy 22D was rejected, arrangements were made, through the attorney for the tenants, for plaintiff to purchase her residence apartment 22H at the discount price, then no longer available due to the lapse of more than 90 days.

The parties, with their dispute pending, stipulated that if this action resulted in a judgment denying plaintiff the right to purchase apartment 22D, plaintiff will pay all maintenance charges for that apartment between the date of closing of title for apartment 22D and the final determination of this action. The certificates evidencing the shares for 22D are being held by an escrow agent with the legend thereon indicating this litigation.

The court at Special Term dismissed plaintiff's complaint, pursuant to CPLR 3211 (subd [a], par 5), on the ground of the Statute of Frauds (General Obligations Law, § 5-703, subd 2),[1]

---

1. "A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void unless the contract or some note or

and denied her cross motion for summary judgment. We herewith modify to deny the said motion to dismiss, and otherwise affirm.

Co-operative and condominium conversion is a problem for current discussion. (See, e.g., Lehner, Sweet & Dryfoos, NYLJ, Sept. 14, 1979, p 1, col 2; Berginer, Letter to Editor, NYLJ, Jan. 16, 1980, p 2, cols 5, 6.)

The Statute of Frauds applies to the sale of stock in a housing co-operative. *(Pollard v Meyer,* 61 AD2d 766.) The issue is whether the facts are so clear that plaintiff should be barred thereunder.

There are two letters dated September 8 and 26, 1978, signed on behalf of the selling agent, all bearing reference to apartment 22D, one sending a rider to the subscription agreement for plaintiff to sign and return, and one sending a proposed lease to go with purchase agreement to sign and return, with a follow-up letter of October 20th from the selling agent stating:

"We cannot process the subscription agreement for the above premises and deposit your down payment in the escrow account until we have in hand the lease and riders duly signed by you.

"We urge you to return them to us as soon as possible.

"Thank you for your cooperation."

There is also a provision in the subscription agreement as follows: "**17. This agreement shall not be binding on me or the Apartment Corporation until I, as Purchaser, shall be accepted, by endorsement hereon by the Apartment Corporation and the Agent, and a fully signed copy thereof shall have been delivered promptly to me. If this agreement shall not be accepted within forty (40) days of the date hereof by the delivery to me of such endorsed and fully signed copy, this Purchase Agreement shall be deemed to be rejected and cancelled and my deposit shall be promptly refunded to me."

Most significantly, the double asterisk reference has the phrase: "Delete this paragraph if purchaser is a tenant at the time of presentation of the Plan."

Defendants contend that this provision refers to tenants purchasing their own apartments, but that is only their interpretation of their own language.

---

memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing."

Coupled with the foregoing, we have the more than six-month delay in rejecting plaintiff for apartment 22D, while her check was held. Plaintiff suggests the delay was to enable defendants to determine whether her subscription would be needed to satisfy the 35% requirement to consummate their plan.

Moreover, here we have a plan filed with the Department of Law of the State of New York involving a tenant of the building who has a prior right to purchase. The purpose of the Statute of Frauds will not be denigrated should the court at trial find compliance. (Cf. *Seidman v Witter & Co.,* 70 AD2d 845.) This is a matter for the trial court.

The order of the Supreme Court, New York County (HELMAN, J.) entered September 25, 1979, should be modified, on the law and the facts, to deny the motion to dismiss on the ground of the Statute of Frauds, and otherwise affirmed, without costs.

MURPHY, P. J., SILVERMAN, BLOOM and LYNCH, JJ., concur.

Order, Supreme Court, New York County, entered on September 25, 1979, modified, on the law and the facts, to deny the motion to dismiss on the ground of the Statute of Frauds, and otherwise affirmed, without costs and without disbursements.