■ GOODYEAR PUBLISHING CO., INC., Appellant, v ROBERT A. MUNDELL, Respondent.—Order, Supreme Court, New York County, entered July 20, 1979, denying plaintiff's motion for summary judgment in this action arising out of a breached contract is unanimously reversed, on the law, and summary judgment is granted in favor of the plaintiff, with costs. Goodyear Publishing Co., asserting two causes of action—breach of contract and

unjust enrichment—seeks to recover moneys it advanced against royalties to be earned on the sale of a book to be entitled "Economics, The Science of Policy" to be written by defendant Robert A. Mundell and published by Goodyear. The written publishing agreement entered into by these parties, as amended, provided for the return of all advances if a completed manuscript, acceptable to the publisher, was not delivered by August 30, 1973. Goodyear asserts no such manuscript has been delivered. While an outline of chapter headings appears in the record, there is nothing remotely resembling a manuscript. Nor was any purported manuscript handed up to this court to examine. And though defendant challenges the dates he is said to have received advances he does acknowledge receiving payments from Goodyear. Defendant, who is appearing *pro se,* has furnished only unsworn papers, which ordinarily would have no probative value. However, at plaintiff's request we have considered these papers as if they were verified. The bulk of Mundell's defenses have their basis in supervening oral agreements which he maintains altered the parties' duties and responsibilities. These defenses run afoul of subdivision 1 of section 15-301 of the General Obligations Law for the original agreement expressly provides "this agreement may not be changed unless the parties to it agree in writing." Evidence of part performance of any claimed oral modification is wanting. The Statute of Limitations defense is unavailing for plaintiff's causes are actions at law which accrued on the nonsubmission of an acceptable manuscript by August 30, 1973, and this suit was commenced January 4, 1979, well within six years thereafter. (CPLR 213, subds 1, 2.) Also advanced is the defense of impossibility of performance. Defendant contends the international economic upheaval occurring in 1971 and his involvement in 1973 with a prestigious group charged with devising a European monetary system made it impossible for him to timely complete his manuscript. These circumstances simply do not lend themselves to this defense, for the excuse of impossibility of performance is generally confined to the destruction of the means of performance by an act of God, *vis major,* or by law. (See *407 East 61st Garage v Savor Fifth Ave. Corp.,* 23 NY2d 275.) Furthermore, defendant had almost six years after the 1973 agreement and prior to the commencement of this action within which to submit an acceptable manuscript and he failed to do so. None of the allegations which underlie the remaining defenses, and defendant's counterclaims, presents any impediment to granting summary judgment in plaintiff's favor. Settle order. Concur—Kupferman, J. P., Ross, Lupiano, Bloom and Yesawich, JJ.