ROBERT MEYER, Respondent, v SHEILA NELSON et al., Appellants, et al., Defendants.

First Department, December 15, 1981

APPEARANCES OF COUNSEL

*Harry J. Petchesky* of counsel *(Lewis S. Sandler,* attorney), for appellants.

*Bruce A. Burns* of counsel *(Richard E. Burns* with him on the brief; *Burns, Hammer & Burns,* attorneys), for respondent.

### OPINION OF THE COURT

FEIN, J.

The contract between plaintiff and the individual defendants for the sale to plaintiff of defendants' shares of stock of 607 Apartments Corp. allocated to Apartment 12-B in the co-operative apartment building located at 607 West End Avenue, New York City, and the assignment of defendants' interest as tenants in the proprietary lease for the apartment provided for a purchase price of $180,500: $18,050 payable on contract, $34,295 at closing and

$128,155 on January 5, 1981. Closing was scheduled for September 30, 1980.

Paragraph 6 of the contract making the transaction subject to the approval of the Board of Directors (Board) of the co-operative corporation provides, in pertinent part: "This sale is subject to the approval of the directors or shareholders of the Corporation as provided in the Lease or the corporate by-laws. * * * Seller shall promptly notify Purchaser of such approval or of the refusal thereof upon receipt of notice thereof. In the event of such refusal, this agreement shall thereby be deemed cancelled. If approval or refusal be not received by Seller or Purchaser at or before the closing, either may by notice given to the other on or before the date fixed in paragraph 10 for the closing, adjourn the closing for a period not to exceed thirty (30) days for the purpose of obtaining such approval, and if the party who has adjourned the closing is unable to obtain approval of this sale within said period of time, this agreement shall ipso facto be deemed cancelled. If this agreement is cancelled as provided in this Paragraph, all sums theretofore paid to Seller by Purchaser on account of the purchase price shall be returned without interest to Purchaser and both parties shall be relieved from all further liability hereunder."

On November 10, 1980 the Board interviewed plaintiff and his wife, and then adopted the following resolution: "RESOLVED: that the Corporation approve the sale of Apartment 12B to Mr. and Mrs. Robert Meyer, on the condition that, at the time of the closing, the difference between the down payment to Shiela [sic] Nelson so far and the sum of $120,500 be deposited in escrow or some other suitable security arrangement and that the Board would consider favorably a request for a recognition agreement for financing the balance of the purchase price." Plaintiff and defendants were notified of the decision of the Board. Plaintiff notified defendants that he was ready to proceed to close in accordance with the terms as prescribed by the Board. He asserts that defendants agreed and that the only dispute concerned the time when the closing should take place. Defendants deny any such agreement. They concede there was a dispute concerning an adjourned closing date and

also concerning November maintenance charges. It is undisputed that the closing date was adjourned at plaintiff's request to November 30, 1980, in accordance with paragraph 6 of the contract.

It is also undisputed that there was no writing embodying any agreement by the defendants to close on the terms required by the Board or on any terms other than those set forth in the contract. The Board's minutes were not approved until December 10, 1980, after commencement of this action. The Board never approved the terms of sale set forth in the contract. The transaction never closed.

Subdivision 2 of section 5-703 of the General Obligations Law, the Statute of Frauds, provides that a lease for a longer period than one year or an agreement for the sale of an interest in real property must be executed in writing by the "party to be charged". The statute is applicable to the sale of a co-operative apartment (*Rosner v 80 CPW Apts. Corp.*, 73 AD2d 39).

Paragraph 17 of the contract provides, in pertinent part: "This agreement cannot be changed, discharged or terminated orally."

Subdivision 1 of section 15-301 of the General Obligations Law provides that a contract containing such a provision can only be changed by a writing "signed by the party against whom enforcement of the change is sought". There is no such writing modifying the terms of the contract between the parties. The alleged oral agreement is unenforceable (*Goodyear Pub. Co. v Mundell,* 75 AD2d 556). Special Term erred in concluding that the minutes of the Board "could be a writing sufficient to satisfy the statute of frauds." Unsigned instruments or writings may be integrated with other writings so as to satisfy the Statute of Frauds only if they are the acts of the party "to be charged". The Board is not such a party. The defendants are not members of the Board, nor is there any writing by which they accepted, adopted or agreed to the determination of the Board.

Plaintiff contends that the provision in the contract requiring approval of the Board was met when the Board approved plaintiff and his wife as purchasers. However, it

is plain that the contract provision related not only to approval of the purchasers, but also to approval of the terms of the contract. It is undisputed that the defendants wished the transaction to take the form of an installment sale, with partial payment on account in 1980 and the balance in 1981, in order to obtain certain tax benefits. They had the right to insist on compliance and could not be required without their consent to agree to the method of payment which the Board found appropriate.

Paragraph 6 of the contract provides that "if the party [here the plaintiff] who has adjourned the closing is unable to obtain approval of this sale within said period of time, this agreement shall ipso facto be deemed cancelled." No such approval was obtained within the adjourned period of time. Nor was it ever obtained. Thus, the contract was "cancelled" by its terms.

The fact that defendant withdrew the deposit from escrow does not aid the plaintiff. There was no obligation under the contract to maintain the deposit in escrow. Nor is the withdrawal "unequivocally referable" to an oral agreement modifying the contract (Central Trust Co. Rochester v Bagliore, 78 AD2d 764, 765; Pollard v Meyer, 61 AD2d 766).

The only issue is whether defendants agreed to a modification in the terms of payment. There is no writing to that effect, and testimony as to an oral agreement would be inadmissible to prove that there was such a modification. Hence, there is no issue surviving for trial.

Accordingly, defendants are entitled to judgment vacating the temporary injunction and dismissing the complaint.

The order, Supreme Court, New York County (GABEL, J.), entered March 23, 1981, granting plaintiff's motion for a preliminary injunction prohibiting defendants from selling their co-operative apartment pending final determination of the action, and denying defendants' cross motion to dismiss the action should be reversed, on the law, plaintiff's motion denied, the preliminary injunction vacated and defendants' cross motion to dismiss the complaint granted, without costs.

KUPFERMAN, J. P., ROSS, SILVERMAN and BLOOM, JJ., concur.

Order, Supreme Court, New York County, entered on March 23, 1981, unanimously reversed, on the law, plaintiff's motion for preliminary injunction denied, the injunction vacated, and individual defendants' cross motion to dismiss the complaint granted, without costs and without disbursements.