OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In this action for breach of a contract to sell a cooperative apartment, the parties stipulated that the seller (respon *850 dent) had breached the contract and was liable to the buyers (appellants), for such damages as the court would award “by applying to this action a breach of contract measure of damages”. After a trial on damages, Trial Term awarded appellants $100,000, the difference between the contract price ($475,000) and what it determined to be the market value of the apartment ($575,000) as of October 14, 1980, the day appellants learned of respondent’s repudiation of the agreement, plus $6,400 in consequential damages for the maintenance appellants paid during a four-month renovation period for their replacement apartment. The Appellate Division modified on the facts and the law by dismissing the award of consequential damages and reducing the remaining damages, on its differing finding as to the apartment’s market value, to $37,000.
In light of the disagreement between the courts below as to market value, this court has reviewed the record and determined that the Appellate Division’s findings more nearly comport with the weight of the evidence. (CPLR 5501, subd [b]; Matter of Marine Midland Props. Corp. v Srogi, 60 NY2d 885, 887; Matter of Hime Y., 54 NY2d 282, 286.) The Appellate Division also properly dismissed Trial Term’s award of consequential damages, as appellants’ payment of maintenance on a replacement apartment was based upon a particular need of theirs of which respondent was unaware at the time the contract was made. (Uniform Commercial Code, § 2-715, subd [2], par [a].)
Appellants contend that the market value of the apartment should not have been assessed as of the date they learned of respondent’s breach, but rather “a commercially reasonable time after learning of the breach.” This argument must be rejected. This contract, in reality a sale of securities in the cooperative corporation, is governed by the Uniform Commercial Code, and appellants’ “benefit of the bargain” damages thereunder are to be determined by using the measure of “the difference between the market price at the time when the buyer learned of the breach and the contract price”. (Uniform Commercial Code, § 2-713, subd [1]; see, also, Simon v Electrospace Corp., 28 NY2d 136, 145; Parker v Hoppe, 257 NY 333, 341.)
*851 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.