OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and defendant granted summary judgment dismissing the complaint.
Appellant and her late husband sponsored an offering plan to convert the 360-unit residential apartment building known as “The Sovereign” to cooperative ownership. By the terms of the sixteenth amendment to the plan dated April 14, 1981, the sponsor increased the purchase prices for all unsold apartments. That amendment also contained the following provision: “However, each tenant is granted the non-exclusive right to purchase his or her apartment at the price set forth in the Twelfth Amendment to the Offering Plan for a period of thirty (30) days from the presentation of this Sixteenth Amendment.” Thereafter, but prior to May 12, 1981, the sponsor in oral communications to respondent tenant withdrew the offer to her with respect to her apartment 45G. Nevertheless, on May 12, 1981 the tenant undertook by a letter addressed to the sponsor to accept the offer contained in the sixteenth amendment and sought to purchase her apartment at the lower price. The determinative issue on this appeal is whether the sponsor’s offer of April 14 was irrevocable. The tenant contends that it was and that she has an enforceable contract for the purchase of her apartment, and her position has been upheld by the lower courts. We, however, agree with the sponsor that the offer was revocable and that it was withdrawn prior to the tenant’s purported acceptance.
It is conceded that there was no consideration for the offer and that it would therefore have been revocable at the common law. The tenant contends however that the offer was made irrevocable by statute.
A contract for the sale of a cooperative apartment, in reality a sale of securities in a cooperative corporation, is governed by the Uniform Commercial Code (Weiss v Karch, *790 62 NY2d 849, 850). The applicable section of the Code is 2-205 which provides in pertinent part: “An offer * * * in a signed writing which by its terms gives assurance that it will be held open is not revocable, for lack of consideration, during the time stated”.* The offer here gave no such assurance. Quite the contrary, it expressly provided that it was “non-exclusive”. Thus, the sponsor explicitly reserved the right to sell the tenant’s apartment to others at any time during the 30-day period — precisely the opposite of an assurance that the tenant would have the right at any time during that period to purchase the apartment for herself.
Inasmuch as the sponsor’s offer was revocable, its withdrawal prior to acceptance by the tenant precluded the formation of a contract of purchase and requires dismissal of the tenant’s complaint seeking specific performance or, in the alternative, damages for the breach of such contract.
Chief Judge Cooke and Judges Jasen, Jones, Meyer, Simons and Kaye concur in memorandum; Judge Wachtler taking no part.
Order reversed, etc.

 The sponsor does not contest the tenant’s contention that the sponsor was a “merchant” within the meaning of this section. The tenant’s alternative reliance on section 5-1109 of the General Obligations Law is misplaced in view of the applicability of section 2-205 of the Code.