■ In the Matter of the Estate of ELIZABETH H. B. CARMER, Deceased. BARBARA SCOPPETTONE, Appellant; WILLIS C. BAILEY, Respondent. — In a proceeding for a judicial settlement of an executor's account and judicial construction of a will pursuant to SCPA 2204 and 1420 (2), Barbara Scoppettone, a specific legatee under the will, appeals (1) as limited by her brief, from so much of an order of the Surrogate's Court, Westchester County (Brewster, S.), dated June 18, 1984, as denied those branches of her motion which were for summary judgment dismissing the objections of the respondent residuary legatee under the will numbered 2, 6 and 7, granted the respondents' cross motion for summary judgment on objection Nos. 2 and 6, ordered the distribution of the proceeds of cooperative apartment stock and the interest earned thereon to respondents, and held that issues of fact concerning the actions of the executor precluded summary judgment on objection No. 7 concerning the allowance of executorial commissions; and (2) from an order of the same court, dated August 14, 1984, which denied her motion to resettle the foregoing order.

Order dated June 18, 1984 modified, on the law, by deleting the first decretal paragraph thereof and substituting therefor a provision granting that branch of the motion which was for summary judgment striking objection No. 6, granting that branch of the cross motion which was for summary judgment on objection No. 2 to the extent of directing the executor to include in his account a statement of interest earned on the sale of certain stock in a cooperative apartment, granting that branch of the motion which was for summary judgment striking objection No. 2 to the extent of striking so much thereof as sought payment of said interest to the objectant residuary legatee,

denying the cross motion insofar as addressed to objection No. 6 and denying the motion and cross motion insofar as addressed to objection No. 2 in all other respects. As so modified, order dated June 18, 1984, affirmed insofar as appealed from, without costs or disbursements.

Appeal from the order dated August 14, 1984, dismissed as academic, without costs or disbursements, in view of the disposition of the appeal from the order dated June 18, 1984.

In the course of proceedings to settle an executor's account, the Surrogate was called upon to construe the decedent's will to determine whether her cooperative apartment stock should pass through a specific bequest of her stock holdings or through the residuary clause thereof. The relevant provision of the will stated: "If my husband, Carl Carmer, shall not survive me, I give and bequeath all shares of common or preferred stock of any corporation which I may own at the time of my death, in equal shares to Barbara and Orlando Scoppettone, or if only one of them shall survive me, all to such survivor."

The decedent's husband had predeceased her and it was clear upon the face of the will that if decedent's cooperative shares did not pass through the foregoing bequest they would fall into the residuary estate and pass to respondent. The Surrogate held that cooperative shares were more in the nature of a chattel real than ordinary business corporation stock and that the decedent intended them to pass through the residuary clause of her will. We disagree.

The terms of decedent's will which bequeath "all shares of common or preferred stock of any corporation which I may own at the time of my death" is clear, definite and unambiguous. Consequently, the testatrix's intent is best ascertained by the plain and ordinary meaning of the language she employed in her will (*see, e.g., Matter of Jones,* 38 NY2d 189; *Matter of Smith,* 90 AD2d 905, *affd* 60 NY2d 864). Significant in this regard is the statement of the Court of Appeals in *Matter of State Tax Commn. v Shor* (43 NY2d 151, 159) that "co-operative tenants, cooperative corporations, and third parties dealing with them do not now, if they ever did, treat co-operative tenancies as chattels real". In that case the court held that, for the purposes of determining the priorities of liens against the property interest of a cooperative tenant/stockholder, that property interest should be treated as personalty, i.e., stock. Similar considerations are involved in the context of estate distribution. Indeed, it is significant here that the decedent's will cannot ordinarily pass both the property interest in the stock and the absolute right to a proprietary lease to the cooperative apartment. Fur-

thermore, as in the *Shor* decision, the significance of the presumably conscious choice to invest in a cooperative apartment rather than to purchase a condominium should not be ignored "in evaluating the nature of a co-operative 'owner's' interests" (*Matter of State Tax Commn. v Shor, supra,* p 159). Finally, we note that the case of *Matter of Lacaille (Feldman)* (44 Misc 2d 370), relied upon the by the Surrogate, was overruled in the *Shor* decision. Absent "special purposes" such as the applicability of Federal securities regulations to the sale of cooperative stock (*see, e.g., Matter of State Tax Commn. v Shor, supra,* pp 154, 158) or the landlord-tenant relationship between a cooperative tenant and the corporation (*see, e.g., Suarez v Rivercross Tenants' Corp.,* 107 Misc 2d 135, 137) the interest of a cooperative owner is that of a stockholder in a corporation (*see,* Cooperative Corporations Law art 3; §§ 5, 14, 47).

In the interval between the probate of decedent's will and the accounting proceeding at bar, the executor, in conformance with the powers conferred upon him by decedent's will, sold the stock in the cooperative apartment and deposited the proceeds in an interest-bearing bank account pending a resolution of their proposed distribution. Since the will provided for a specific bequest of this stock, the proceeds from its sale, as well as all interest earned thereon, are also part of that specific legacy (*see,* 41 NY Jur 2d, Decedent's Estates, § 2444; *Lovett v Gillender,* 35 NY 617, 621). Objection No. 2 sought to have the amount of interest earned upon the proceeds separately stated in the executor's account and to have that interest paid to the residuary legatee. Insofar as the Surrogate sustained the portion of objection No. 2 which sought to have the executor separately state the interest earned on the proceeds in question, his determination is affirmed. However, insofar as he sustained the portion of the objection which sought payment of that interest to the residuary legatee, his determination is reversed. The interest earned upon the proceeds of the sale of property which is the subject of a specific bequest, is payable to the specific legatees.

As to appellant's challenge to the propriety of respondent's objection No. 7 which seeks to deny commissions to the executor of the decedent's estate, appellant is proceeding here solely in the capacity of a specific legatee under the will. The will provides for the deduction of debts, administrative expenses and commissions out of the residue of the estate, and the record clearly demonstrates that there are more than enough funds to meet all such deductions. Thus appellant has no financial interest in the allowance of commissions and lacks standing to challenge respondent's objection No. 7 (*cf. Matter of Rose,* 58

Misc 2d 576, 577, *affd* 29 AD2d 635, *affd* 23 NY2d 870). Accordingly, that branch of her motion which sought summary judgment dismissing objection No. 7 was properly denied. Titone, J. P., Lazer, Thompson and O'Connor, JJ., concur.