■ KEVIN D. MOLONEY, Appellant, v HARRIET WEINGARTEN, Respondent.—In an action to recover damages, *inter alia,* for breach of contract, and to impress a constructive trust, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated July 25, 1984, which granted the defendant's motion to dismiss the complaint.

Order affirmed, with costs.

By a written agreement, signed by the parties, the plaintiff expressly transferred his interest in a certain cooperative apartment to the defendant for the sum of $30,580, and agreed that the defendant was to be considered the owner of the apartment for all purposes. In this action, the plaintiff seeks, *inter alia,* to recover upon an alleged oral promise by the defendant that the parties would share equally the profits derived from the defendant's subsequent sale of the apartment. Also, the plaintiff seeks to impress a constructive trust upon the property.

Under the Statute of Frauds (General Obligations Laws § 5-703), a contract for the sale of real property or a contract creating an interest in real property is void unless in writing,

and the Statute is applicable to a contract purporting to create or convey an interest in a cooperative apartment *(Lebowitz v Mingus,* 100 AD2d 816, 817, *appeal dismissed* 63 NY2d 675; *Meyer v Nelson,* 83 AD2d 422, 424; *Rosner v 80 CPW Apts. Corp.,* 73 AD2d 39, 41). Thus, the action, insofar as it sought recovery under the alleged oral promise, was properly dismissed.

In addition, the parties' written agreement, which was drafted by the plaintiff, an attorney, is a complete, integrated document which is unambiguous and not susceptible to alternative interpretations. As such, its terms may not, under the parol evidence rule, be varied, contradicted or supplemented by evidence of a contemporaneous oral agreement *(Lebowitz v Mingus, supra,* pp 817-818).

Finally, although the Statute of Frauds is no defense in an action to impress a constructive trust upon real property *(Vanasco v Angiolelli,* 97 AD2d 462), the parties' written agreement demonstrates that their transaction was nothing more than a conveyance of the plaintiff's entire interest in the cooperative apartment, for which consideration was given and received, and that written agreement belies the plaintiff's claim that the transfer of his interest was made in reliance upon an unfulfilled promise. Further, there is no demonstration that the plaintiff had any fiduciary or confidential relationship with respect to the defendant. Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.