DASH CONTRACTING CORPORATION, Plaintiff, v ALAN SLATER et al., Defendants.

Supreme Court, New York County, January 6, 1989

## APPEARANCES OF COUNSEL

*Tenzer, Greenblatt, Fallon & Kaplan* for 150 East 77th St. Corp., defendant. *David S. Dubin* for plaintiff. *Taubenblatt & Mopper* for B & F Building Corp., defendant. *Burroughs & Damast* for Satellite Plumbing Corp., defendant.

**OPINION OF THE COURT**

LEONARD COHEN, J.

Defendant 150 East 77th Street Corporation (150 East 77th Street) moves for an order pursuant to CPLR 3211 (a) (7) dismissing the complaint as against it for failure to state a cause of action. Defendant 150 East 77th Street also moves for an order discharging the mechanic's liens filed against it by the plaintiff, Dash Contracting Corporation (Dash), and defendants B & F Building Corp. (B & F) and Satellite Plumbing Corporation (Satellite).

Plaintiff Dash is a general construction contractor. Dash entered into a contract with Alan and Marcie Slater (the Slaters) on or about August 8, 1985 for the renovation of their cooperative apartment, apartment 8C, located at 150 East 77th Street, New York, New York. Defendant 150 East 77th Street is the cooperative apartment corporation which owns the building located at 150 East 77th Street, New York, New York. The Slaters are holders of a proprietary lease for apartment 8C and own shares in 150 East 77th Street.

Plaintiff claims that the total amount due by the Slaters upon completion of the work under the contract was $96,500. Plaintiff alleges that the work was completed on November 14, 1986 but $21,380 remains outstanding on the Slaters' account. As a result, plaintiff filed a mechanic's lien against the real property, the cooperative apartment building, owned by 150 East 77th Street.

Defendant 150 East 77th Street now seeks dismissal of the complaint as against it and discharge of the mechanic's lien. Defendant claims that it was not a party to the contract between the Slaters and plaintiff; that it is not the beneficiary of the work performed on apartment 8C; that it did not consent to such work within the meaning of section 3 of the Lien Law; and that the renovation work on apartment 8C was solely on behalf of the Slaters. Defendant 150 East 77th Street also contends that plaintiff's notice of lien does not comply with subdivisions (2), (3) and (7) of Lien Law § 9, and that the mechanic's lien filed by plaintiff should be discharged as it is not within the meaning of section 3 of the Lien Law.

As to defendant's contention that plaintiff's mechanic's lien is in violation of subdivisions (2), (3) and (7) of Lien Law § 9, these subdivisions provide that,

"The notice of lien shall state * * *

"2. The name of the owner of the real property against

whose interest therein a lien is claimed, and the interest of the owner as far as known to the lienor.

"3. The name of the person by whom the lienor was employed, or to whom he furnished or is to furnish materials; or, if the lienor is a contractor or subcontractor, the person with whom the contract was made. * * *

"7. The property subject to the lien, with a description thereof sufficient for identification; and if in a city or village, its location by street and number, if known."

After a review of the notice of lien filed by the plaintiff, it is clear to this court that it fully complies with section 9 of the Lien Law.

Defendant 150 East 77th Street also argues that it did not consent to plaintiff's renovations within the meaning of section 3 of the Lien Law. Section 3 provides, *inter alia,* that: "A contractor, subcontractor, laborer * * * who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor * * * shall have a lien for the principal and interest, of the value, or the agreed price, of such labor * * * or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this chapter."

Although the tenant in a cooperative apartment owns the shares in the cooperative corporation, it is the cooperative corporation that owns the fee. The tenant is merely a leaseholder in possession of a proprietary lease. "What the co-operative tenant purchases for his purchase price * * * is shares of stock in the co-operative corporation and the right to a proprietary lease of his premises from the co-operative corporation; he does not purchase a direct interest in the fee of the underlying real property." *(Chamberlain v Modular Publ.,* 99 AD2d 433.) "Notwithstanding the fact that the tenants' interest is sometimes described in terms of ownership, several New York courts have correctly noted that despite a vernacular usage to the contrary, the [cooperative] apartment is not sold but is leased." (19 NY Jur 2d, Condominiums and Co-operative Apartments, § 47.)

In order to come within the meaning of section 3 of the Lien Law, " 'the owner must either be an affirmative factor in procuring the improvement to be made, or having possession and control of the premises assent to the improvement in the expectation that he will reap the benefit of it.' * * * 'The

statute contemplates that the owner of property shall not be charged with the cost of improvements made upon his premises without such an assent to such improvements as would morally obligate him to pay for the same' " *(Paul Mock, Inc. v 118 E. 25th St. Realty Co.,* 87 AD2d 756).

Plaintiff alleges: that defendant 150 East 77th Street had an on-site representative present during the renovation work who actively supervised the work; that the cooperative board of directors reviewed and approved the architectural plans and consented to them; and that the plaintiff contractor, before commencing its work, was required to deliver insurance policies naming the cooperative as beneficiary. Plaintiff argues that it is clear that defendant 150 East 77th Street was more than just a passive party to the renovation work.

It is well-settled law that when viewing a complaint pursuant to a CPLR 3211 motion for dismissal, the complaint must be construed liberally in favor of the plaintiff *(K.S.L.A. Constr. Corp. v Paccione,* 102 AD2d 813). The court must accept each and every allegation as true, without expressing any opinion as to whether plaintiff will ultimately be able to establish the truth of these allegations *(219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506). On this basis, it is clear that plaintiff has set forth sufficient facts from which it may be inferred that the defendant cooperative corporation had control and possession of the apartment and consented to the improvements so as to state a claim.

Furthermore, there is no question that the owner, the cooperative corporation herein, will reap the benefits of the improvements. The approximately $150,000 of improvements which were put into the apartment flow to the cooperative corporation which actually owns the stock and therefore the apartment. In the extreme case, if the tenants were evicted by the cooperative board, this benefit would flow directly to the cooperative corporation. If the tenant remains, the apartment which the cooperative owns has a higher value.

In addition, there is common ownership of the property, as all residents own shares in the cooperative corporation which in turn owns the building. "The owners have a substantial capital investment and a direct interest in the financial stability, character, reputation, and personal conduct of the other stockholder-occupants of the premises" (19 NY Jur 2d, Condominiums and Co-operative Apartments, § 54). Here, a mechanic's lien has been filed due to nonpayment of renovation work

which improved an apartment communally owned by the cooperative residents through the cooperative corporation. As is the case where one of the residents cannot pay his/her maintenance fees and the others in the cooperative must make up the difference, this is also one of the risks of cooperative ownership. As a result of the foregoing and based on the allegations made by plaintiff in its complaint, defendant 150 East 77th Street's motion to dismiss plaintiff's complaint and discharge the mechanic's lien is denied.

Defendant 150 East 77th Street also seeks to discharge the mechanic's liens filed by codefendants Satellite and B & F against 150 East 77th Street. It is stated very clearly on the face of the notice of liens filed by B & F and Satellite that the liens were filed against apartment 8C and not against 150 East 77th Street. Therefore, since B & F and Satellite do not, in fact, have liens against 150 East 77th Street, this branch of defendant's motion is moot.

The court notes that, to the extent the liens may work a hardship to the defendant cooperative corporation, there are provisions of the Lien Law providing for undertakings to mitigate such hardships and cooperative leases may provide for liability to rest with the appropriate tenant.

Accordingly, defendant 150 East 77th Street's motion to dismiss plaintiff's claim against it pursuant to CPLR 3211 (a) (7) is denied. Said defendant's motion to discharge plaintiff's lien as against it is also denied. Defendant's motion to discharge codefendants Satellite's and B & F's liens against it is denied as moot as the liens are not filed against defendant 150 East 77th Street.