OPINION OF THE COURT
Herbert Kramer, J.
Defendants move for an order dismissing the complaint as being time barred by the Statute of Limitations.
The underlying complaint was served in December 1991, alleging that six years earlier, in December of 1985, defen *540 dants had breached a contract for the sale of plaintiffs’ cooperative apartment. The complaint demands a judgment in the amount of the $29,000 deposit which allegedly was never paid under this executory contract of sale.
Defendants interposed an answer asserting the Statute of Limitations claiming that a contract for the sale of shares in a cooperative apartment is one for "goods” and therefore governed by the four-year Statute of Limitations (UCC 2-725 [1]; Weiss v Karch, 62 NY2d 849; Friedman v Sommer, 63 NY2d 788).
Plaintiffs cross-move for summary judgment or in the alternative to strike the affirmative defenses asserted in paragraphs 4 to 8 of defendants’ answer and directing defendants to be produced for an EBT.
There is no precedent in New York which applies the UCC 2-725 (1) Statute of Limitations directly to the sale of cooperative apartments (but see, Ahrens v Edgewater Colony, 267 NJ Super 83, 630 A2d 832 [where 20-year Statute of Limitations governing real estate found to control in action seeking return of cooperative stock certificates and lease]).
Where the real estate aspects of a case predominate, such sales are subject to statutes other than the UCC (Chiang v Chang, 137 AD2d 371 [1st Dept 1988] [RPAPL applicable where statutory procedure already exists governing partition of leasehold estate]; Moloney v Weingarten, 118 AD2d 836 [where sale of co-op apartment held to be contract for sale of real property thereby requiring a writing pursuant to Statute of Frauds (General Obligations Law § 5-703)]; Matter of State Tax Commn. v Shor, 43 NY2d 151 [1977]; United Hous. Found. v Forman, 421 US 837 [1975]; Lebowitz v Mingus, 100 AD2d 816 [1st Dept 1984]; Note, Legal Characterization of the Individual’s Interest in a Cooperative Apartment: Realty or Personaltyl 73 Colum L Rev 250, 260-262 [1973]).
The New York view, in contrast to the New Jersey holding in Aherns (supra), where the issue is one of damages, characterizes the personal property interest as paramount and the question of damages under the contract is, this court holds, governed by the UCC Statute of Limitations (see, Weiss v Karch, supra; Friedman v Sommer, supra; Silverman v Alcoa *541 Plaza Assocs., 37 AD2d 166 [1st Dept 1971]; ALH Props. Ten v 306-100th St. Owners Corp., 191 AD2d 1 [1st Dept 1993]).
Defendant’s motion to dismiss the complaint is therefore granted. Plaintiff’s cross motion for summary judgment is denied in its entirety.