OPINION OF THE COURT
Harold B. Beeler, J.
Petitioners move by order to show cause to discharge and remove a mechanic’s lien in the amount of $8,500. Petitioners are shareholders in a cooperative apartment building at 300 West 108th Street, New York County, and hold a proprietary *451 lease on one or more apartments designated as 13C/13E. They undertook a renovation project with GRC Corporation, a nonparty, which subcontracted with respondent to supply and install electrical materials for $27,837. The work was performed in the period September 26, 2003 to June 22, 2004. Respondent alleged that $8,500 was unpaid and filed a mechanic’s lien on November 8, 2004.
Petitioners argue that their apartment is a single-family dwelling and, therefore, the lien is invalid under Lien Law § 10 (1) which requires filing of a mechanic’s lien within four months of the final performance of work on a single-family dwelling. Respondent contends that the building is a multiple-family dwelling and, therefore, under Lien Law § 10 (1), the filing of a mechanic’s lien may occur up to eight months after the work’s completion. The mechanic’s lien was filed more than four months and less than eight months after completion of the work within the Newmans’ apartment.
The parties confine their arguments to whether a cooperative apartment is a single-family dwelling for the purposes of the Lien Law. Petitioners simply state that the property at issue “is the apartment and personal residence of the Newmans and, thus, a single family dwelling.” Respondent relies on the fact that the building is a 15-story multiple dwelling, evidenced by the certificate of occupancy, and the absence of mention in the Lien Law of cooperative apartments as single-family dwellings. Neither party cited the only case that directly addressed the issue as to the status of a cooperative apartment as a single-family or multiple dwelling under the Lien Law, Interior Resources Intl. v Shapiro (NYLJ, Mar. 24, 1992, at 23, col 1 [Civ Ct, NY County]).[1]
A mechanic’s lien may only be claimed against an interest in real property and the owner of that property. (Lien Law §§ 3, 4.) The cooperative apartment building owner, 300 West 108th Street Owners Corp., has a lienable interest in the Newmans’ apartment because it possesses the unquestioned real property interest in the entire building and all its apartments. (Chamberlain v Modular Publs., 99 AD2d 433 [1st Dept 1984] [“What the *452 co-operative tenant purchases for his purchase price ... is shares of stock in the co-operative corporation and the right to a proprietary lease of his premises from the co-operative corporation; he does not purchase a direct interest in the fee of the underlying real property”]; Dash Contr. Corp. v Slater, 142 Misc 2d 512, 514 [Sup Ct, NY County 1989] [“Although the tenant in a cooperative apartment owns the shares in the cooperative corporation, it is the cooperative corporation that owns the fee”].)
However, a mechanic’s lien for improvements to a co-op apartment is enforceable against the cooperative building owner only where the latter has affirmatively consented to the work authorized by the tenant-shareholder. (Lien Law § 3; Dewees Mellor, Inc. v Weise, 1993 WL 591608, 1993 US Dist LEXIS 19299, *13 [ED NY, Dec. 29, 1993].) No evidence has been presented as to whether 300 West 108th Street Owners Corp. affirmatively assented to the improvements to the Newmans’ apartment.
Petitioners indisputably own shares in 300 West 108th Street Owners Corp., the cooperative corporation that owns the building. Ownership of those shares entitles them to occupancy and possession of apartment space 13C/13E pursuant to a proprietary lease between petitioners and the cooperative corporation. Courts have labored inconclusively in deciding whether cooperative apartment ownership is an interest in real or personal property.[2] New York’s Court of Appeals has acknowledged that the character of “tenant-shareholders’ sui generis ownership *453 interests in cooperative apartments . . . has vexed courts—both State and Federal—in varying contexts.” (ALH Props. Ten v 306-100th St. Owners Corp., 86 NY2d 643, 649 n [1995].)
Resolution of this petition does not, however, require defining the ownership interest in a cooperative apartment in a singular fashion exclusive of other interests. (Dewees Mellor, Inc., 1993 WL 591608, *5, 1993 US Dist LEXIS 19299, *13 [ED NY, Dec. 29, 1993] [“That the tenant’s interest in the shares and proprietary lease are treated as personal property for the purposes of (UCC) Article 9 does not mean that a mechanic’s lien cannot also be filed against that interest”].) Even where a proprietary lease in a cooperative apartment was held to be solely personal property not “creating] a new classification of real estate,” the First Department stated “that a proprietary lease is no different from any other type of lease.” (Silverman v Alcoa Plaza Assoc., 37 AD2d 166, 172 [1st Dept 1971].)
A leaseholder may be considered an owner within Lien Law § 2 (3)’s definition. “[I]t is well established that a leasehold is a lienable interest, and that a tenant is an ‘owner’ of his leasehold under the statute [Lien Law § 2 (3)].” (Dewees Mellor, Inc., 1993 WL 591608, *4, 1993 US Dist LEXIS 19299, *9; see also B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990]; Matter of Tsombikos v Brager, 147 Misc 2d 995 [Sup Ct, NY County 1990] [where the courts dealt without hesitation with mechanic’s liens that treated the proprietary leaseholders as owners of cooperative apartments].) Petitioners, therefore, had a lienable interest in apartment space 13C/13E at 300 West 108th Street.
*454 Lien Law § 9 requires that the notice of lien state the name of the owner of the real property against whose interest a lien is claimed and the property subject to the lien with a description sufficient for identification. The mechanic’s lien at issue here states that the owner of the real property is “300 West 108th Street Owners Corp.” (Exhibit A attached to order to show cause.) This is echoed by the “Affidavit of Service of Notice of Mechanic’s Lien on Owner, Agent or Attorney” swearing to service on “300 West 108th Street Owners Corp. the owner herein.” (Id.) The only mention of petitioners in these two documents occurs on the notice of lien where the “property subject to the lien is . . . known as: 300 West 108th Street—‘13C/13E Newman.’ ”
Respondent’s affirmation in opposition is consistent with the notice of lien and affidavit of service stating that “the building in which it [the lien] is filed against is an apartment building or multiple dwelling.” The petitioners’ names nowhere appear in this affirmation or its attached supporting exhibits: the building’s certificate of occupancy and New York City Department of Finance’s notice of value 2004-2005 for the building.
Naming 300 West 108th Street Owners Corp. as the owner of apartment space 13C/13E is legally correct. It does not represent a failure to state the name of the true owner or a misdescription of the true owner. When respondent waited more than four months to serve notice of a mechanic’s lien on 300 West 108th Street Owners Corp., it was intentionally addressing the owner of a multiple dwelling in which it had performed work. In this regard, the court is unaware of any petition brought by 300 West 108th Street Owners Corp. to vacate or discharge respondent’s mechanic’s lien.
The validity of petitioners’ standing to bring their motion is undermined by petitioners’ absence from any mention in the lien except to locate the apartment. As the mechanic’s lien at issue only addresses the building owner’s interest, the court need not determine whether petitioners’ cooperative apartment is a single-family dwelling under Lien Law § 10 (1) inasmuch as respondent never filed a mechanic’s lien against their discrete ownership interest. Accordingly, the petition is denied because petitioners lack standing to challenge this mechanic’s lien filed only against the property of 300 West 108th Street Owners Corp.

. Judge Marylin G. Diamond held that the Lien Law’s distinction between multiple dwellings and single-family dwellings reflected the difference in scope of project sizes and the attendant paper work and record keeping. Work on a single unit of a cooperative apartment building at the request of the owner-occupant, she decided, fell into the single-family dwelling exception for lien filing.

. Presten v Sailer (225 NJ Super 178, 186-187, 542 A2d 7, 11 [1988]) offers a good summary:
“New York treats contracts creating or conveying an interest in a cooperative apartment as within its broad statute of frauds governing realty. N.Y. General Obligations Law, § 5-703 (McKinney 1978); [footnote 4 text quoted below] see Moloney v. Weingarten, 118 A.D.2d 836, 836-37, 500 N.Y.S.2d 320, 321-322 (2d Dept. 1986), app. den., 69 N.Y.2d 608, 509 N.E.2d 358, 516 N.Y.S.2d 1023 (1987); Lebowitz v. Mingus, 100 A.D.2d 816, 817, 474 N.Y.S.2d 748, 749-750 (1st Dept.1984); Meyer v. Nelson, 83 A.D.2d 422, 424-25, 445 N.Y.S.2d 436, 437 (1st Dept.1981); Rosner v. 80 CPW Apts. Corp., 73 A.D.2d 39, 41-42, 424 N.Y.S.2d 723, 725 (1st Dept.1980); Pollard v. Meyer, 61 A.D.2d 766, 766-67, 402 N.Y.S.2d 15, 16 (1st Dept.1978); Sebel v. Williams, 88 Misc.2d 411, 413-14, 388 N.Y.S.2d 494, 496 (Civ.Ct.1976); Frank v. Rubin, 59 Misc.2d 796, 797, 300 N.Y.S.2d 273, 274 (Sup.Ct.1969).
“However, New York has also held cooperative interests to be personalty in other areas. See Friedman v. Sommer, 63 N.Y.2d 788, 789-90, 471 N.E.2d 139, 140, 481 N.Y.S.2d 326, 327 (1984) (contract for sale of cooperative apartment held as sale of securi *453 ties governed by Art. 2 of UCC); State Tax Commission v. Shor, 43 N.Y.2d 151, 157-58, 371 N.E.2d 523, 526-527, 400 N.Y.S.2d 805, 808-809 (1977) (judgment debtor’s interest in cooperative stock not real property but personalty under statute governing priority of liens on real property); Matter of Carmer, 111 A.D.2d 171, 172-73, 488 N.Y.S.2d 801, 802-803 (2d Dept.1985) (cooperative shares considered as personalty for estate distribution); Silverman v. Alcoa Plaza Associates, 37 A.D.2d 166, 172, 323 N.Y.S.2d 39, 45 (1st Dept.1971) (shares of cooperative stock personalty under UCC Art. 2); Suddin v. Lynbrook Gardens Co., 127 Misc.2d 406, 408-09, 486 N.Y.S.2d 155, 157 (Sup.Ct.1985) (cooperative interest treated as personalty for venue purposes).
“Under federal securities laws cooperatives are treated more like realty, rather than as securities. See United Housing Foundation, Inc. v. Forman, 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975), rehg. den. 423 U.S. 884, 96 S.Ct. 157, 46 L.Ed.2d 115 (1975). The stock associated with cooperative apartments has been found to lack the requisite common features of stock in the financial markets, and hence it is not subject to regulation through the securities laws.”