*984 OPINION OF THE COURT
Paul G. Feinman, J.
In this proceeding, commenced by order to show cause pursuant to Lien Law § 19 (6), petitioners seek to discharge a mechanic’s lien filed by respondent. For the reasons which follow, the petition is granted in its entirety.
Factual and Procedural Background
Petitioners are the lessees of a cooperative apartment located in the building known as 17 East 80th Street, New York, New York 10021, tax block 1492, tax lot 11 (verified petition 1I1Í1, 3). The building is owned by 17 East 80 Realty Corp., the shares of which are owned by petitioners (verified petition 1Í 4). Petitioners apparently lease the entire property from the corporation (verified petition 1f 4). They have a proprietary lease for apartment 11, which is their personal residence, dated August 7, 2002 (verified petition 11111, 2, exhibit A). Apartment 11 is on the sixth floor and sixth floor mezzanine (reply, exhibit D, certification of occupancy).
Petitioners entered into an agreement with respondent on October 10, 2002 in which respondent agreed to undertake “the project” involving the “6th FI. & Penthouse,” commencing October 16, 2002, and to be substantially completed “not later than 3 months from the date of commencement” (affidavit in opposition, exhibit A). The agreed-upon bid proposal references work for a children’s bathroom, master bathroom, kitchen, office/laundry room, recreation room, dining room, living room, and stairs. It also references skylights and roof repairs, with a roof terrace listed under the category of “alternates.”. The contract sum totaled $552,325.
On July 19, 2005, respondent filed a notice of mechanic’s lien against the building, naming petitioners as the owners and lienors, for “labor to combine two apartments, 6F and penthouse,” in the amount of $26,544.90 (verified petition, exhibit B). According to the notice of mechanic’s lien, the time when the last item of work was performed and material furnished was December 10, 2004.
Petitioners bring this proceeding to discharge the lien. They proffer two grounds: that the lien was untimely filed, and that it fails to sufficiently identify the unit or the property in question.
*985 Legal Analysis
A mechanic’s lien may only be claimed against an interest in real property and the owner of that property (Lien Law §§ 3, 4). Although a notice of a hen may generally be filed within eight months after the date of the last item of work performed or material furnished, where the real property at issue is a single-family dwelling, the notice of lien must be filed within four months after the date of the last item of work performed or material furnished (Lien Law § 10 [1]). Where the county clerk indexes liens by a block index, a valid lien must contain a designation of the number of every block affected by the notice of lien (Lien Law § 10 [2]).
In Interior Resources Intl. v Shapiro & Shapiro (NYLJ, Mar. 24, 1992, at 23, col 1 [Civ Ct, NY County]), it was held that, although located in a multiple-unit dwelling, a cooperative apartment, similar to a condominium apartment, is a single-family dwelling and subject to the four-month notice requirement for purposes of the Lien Law.* There is no appellate authority on this subject, and the one published decision addressing whether a cooperative apartment is a single-family dwelling, while discussing Interior Resources, does not explicitly agree or disagree with Interior Resources’ conclusion, as the court found petitioners lacked standing to bring the petition (Newman v Valmar Elec. Co., 9 Misc 3d 450, 454 [Sup Ct, NY County 2005]).
Respondent argues here that the single-dwelling category is not at issue because, according to the contract, it performed work in two units, namely, the sixth floor and the sixth floor mezzanine or penthouse, as well as the roof, and thus it worked in a multiple dwelling and had eight months to file a notice of lien. Its president also suggests that the roof “was likely common area work that accrued to the benefit of all cooperative unit owners” (Choong affidavit in opposition H 6). In addition to the contract, respondent submits three documents: (1) a copy of the City of New York Department of Buildings work permit issued on October 7, 2002 which indicates “ALT2 - MECH-HVAC New a/c unit roof & associated ductwork in 6th floor + 6th mezz. apt. No change of use, occupancy or egress”; (2) a Department of Buildings technical report form noting that work was to be done on the “6th, *986 roof, mezz”; and (3) a New York City Department of Environmental Protection asbestos control program form, indicating that the scope of work was: “Demolition & construction of interior partitions, new AC unit & roof, associated ductwork & relocation of existing fixtures as per plans filed herewith,” and that approximately two square feet of roof was removed apparently for testing of hazardous materials (affidavit in opposition, exhibits B, C).
Petitioners strenuously disagree with the characterization that respondent’s work involved more than one unit. They point to the certificate of occupancy, dated 1980, which shows that the sixth floor consists of one half of a duplex apartment, with the second half of the duplex apartment located on the sixth floor mezzanine (Abbott reply affidavit 1HÍ 4-7, exhibit D). Having sufficiently established that their dwelling unit consists of two floors, they further argue that their proprietary lease gives them exclusive use of the roof, and contend that the “work performed by Respondents on the roof was not performed on any common area of the Premises” (Abbott reply affidavit 1i1i 10-12, exhibit E).
Respondent offers nothing to contradict petitioners’ arguments or even to raise a question of fact concerning the work done on the roof. Although the contract mentions a roof terrace, the permits mention only the installation of air conditioning equipment and associated ductwork on the roof for the apartment, and do not suggest the sort of roofing work that would benefit the entire ownership of the building. Respondent’s president offers no statements concerning the work beyond what the contents of the permits set forth, other than his speculation concerning the common area of the roof (see Choong affidavit in opposition fH 2-7). As nothing establishes that respondent worked on more than one dwelling unit, the court is persuaded that the four-month time limit for single-dwelling units applies. Furthermore, there is no reason that the status of the building as a cooperative rather than a condominium should lead to a different result. Here, it is clear that the notice of lien should have been filed within four months of December 10, 2004, and thus it was untimely.
In light of the foregoing, the court need not reach the issue of whether the lien complies with the requirement that on its face it bears a description of the property “sufficient for identification” as required by Lien Law § 9 (7).
Because the notice of lien was untimely, the petition must be granted and the lien discharged pursuant to Lien Law § 19 (6).
*987 It is adjudged and ordered that the petition is granted and the notice of mechanic’s lien dated July 15, 2005 and filed on July 19, 2005 is deemed discharged upon service of a copy of this decision, order and judgment upon the clerk of the court and completion of additional paperwork as required by the clerk.

 Individual condominium apartments were previously held to be single-family dwellings (Matter of City of Albany Indus. Dev. Agency v DeGraff-Moffly/Gen. Contrs., 164 AD2d 20, 22 [3d Dept 1990]).